CAROLINA GARAGE, INC. v. JOHN ROBERT HOLSTON

No. 7821SC432

(Filed 20 March 1979)

**Rules of Civil Procedure § 13— denial of leave to add counterclaim**

    In an action to recover the amount remaining due under a contract for purchase of a dump truck after the truck was sold at public auction, the trial court did not abuse its discretion in the denial of defendant's motion for leave

to amend its answer to add a counterclaim where defendant's motion was filed some one and a half years after the suit was instituted and over three years after the truck was sold at public auction, and plaintiff would be prejudiced if the counterclaim were allowed because it set forth for the first time allegations of fraud and false statements under oath, and these allegations changed the nature of the defense and subjected plaintiff to defending a claim in addition to proving his own case. G.S. 1A-1, Rule 13(f) and 15(a).

APPEAL by defendant from Order of *McConnell, Judge,* entered 10 April 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 8 February 1979.

This is a civil proceeding instituted on 22 December 1976, wherein plaintiff seeks to recover $5,350.96 plus interest for the amount remaining due under a contract for the purchase of a dump truck. In the complaint, plaintiff alleged that pursuant to a written contract, defendant purchased a Dodge truck with a dump body for $20,976.00 on 17 July 1973; that defendant defaulted on the payments on 17 December 1974; that at the time of default there was $14,858.00 of the principal amount still owing; that the vehicle was surrendered to plaintiff on 6 January 1975 and sold at public auction on 15 January 1975 for $8,000.00; and that after crediting defendant's account with the deferred interest charges, the principal balance due was $5,350.96.

On 16 February 1977, defendant, pursuant to G.S. § 1A-1, Rules 12(b)(6) and 12(b)(7), filed motions to dismiss the complaint for failure to state a claim upon which relief could be granted and for failure to join a necessary party. On 6 February 1978, after a hearing which defendant failed to attend, the trial judge denied defendant's motions.

On 9 March 1978, defendant filed an answer denying the material allegations of the complaint and alleging as a defense that the disposition of the truck was not performed in a commercially reasonable manner. The case was calendared for trial for the week beginning 10 April 1978. On 6 April 1978, defendant, pursuant to Rule 13(f), filed a motion for leave to set up a counterclaim by amendment, and filed the proposed counterclaim and an affidavit in support of his motion. In his motion defendant alleged "that the Counterclaim may be in the nature of a compulsory counterclaim," that defendant was ready for trial, and that justice required "that the defendant be allowed to set up the

compulsory counterclaim." The proposed couterclaim alleged that "plaintiff, in violation of the Purchase Money Security Agreement, and otherwise unlawfully, disposed of the [vehicle] without giving timely notice to the defendant and without proceeding in a commercially reasonable manner." The counterclaim contained further allegations upon information and belief that plaintiff had falsified records and the certificate of title for the truck, and had made false statements under oath with regard to the transfer of ownership of the vehicle. Defendant alleged that he was entitled to $10,000 compensatory and $50,000 punitive damages.

On 10 April 1978, the trial judge, after a hearing, entered an Order denying defendant's motion which stated in part:

AND IT APPEARING TO THE COURT that there was no oversight, inadvertence or excusable neglect involved herein;

AND IT FURTHER APPEARING TO THE COURT that justice does not require such an amendment in view of the facts that:

(1) said Motion was not asserted until five days prior to the time this cause was scheduled for trial, and defendant's attorney, by his own affidavit, admits that he was aware of all attendant facts over two years prior to this hearing; and

(2) the asserted counterclaim appears to be without merit.

From the foregoing Order, defendant appealed.

*Hudson, Petree, Stockton, Stockton & Robinson, by F. Joseph Treacy, Jr., for the plaintiff appellee.*

*Wesley B. Grant for the defendant appellant.*

HEDRICK, Judge.

Defendant's single assignment of error is as follows:

The Court's denial of defendant's Motion under North Carolina Rule of Civil Procedure 13(f) for leave to set up a counterclaim by amendment to the defendant's Answer, on the grounds that the counterclaim was omitted from the Answer by oversight, inadvertence or excusable neglect and justice required the allowance of the Motion and the denial of

the Motion was prejudicial to the defendant and demonstrated an abuse of discretion.

Rule 13(f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Additionally, Rule 15(a) provides in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed in the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

Defendant points out that his motion for leave to amend was filed 28 days after filing of the answer, but that the case had been calendared for trial prior to the time he sought to add his counterclaim, and, under Rule 15(a), he could not amend his answer without leave of court. He now contends that he sufficiently demonstrated "oversight, inadvertence or excusable neglect" in his motion pursuant to Rule 13(f), that justice requires that he be permitted to add the proposed counterclaim, and that the trial judge's denial of his motion constituted an abuse of discretion.

Assuming that defendant's proposed counterclaim is compulsory and thus the Order in the present case is immediately appealable, *see Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *cert. denied and app. dismissed*, 294 N.C. 736, 244 S.E. 2d 154 (1978), we think the trial court acted well within its discretion in denying defendant's motion. It has repeatedly been held that a motion under Rule 15(a) for leave of court to amend a pleading is addressed to the sound discretion of the trial judge and the denial of such a motion is not reviewable absent a clear showing of an abuse of discretion. *Hudspeth v. Bunzey, supra; Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588 (1972); *Galligan v. Smith*, 14 N.C. App. 220, 188 S.E. 2d 31 (1972). It has also been held that leave to amend should be freely given and the party objecting to the amendment has the burden to satisfy the trial court

that he would be prejudiced thereby. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977); *Roberts v. Reynolds Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972).

In the present case, we believe the plaintiff carried its burden in showing that it would be prejudiced if defendant's motion for leave to amend its answer to add a counterclaim was allowed. The proposed counterclaim set forth for the first time allegations of fraud and the making of false statements under oath. These allegations not only greatly changed the nature of the defense but also subjected the plaintiff to defending a claim in addition to proving his own case. Had the motion been allowed, further discovery would likely have been sought, thus further delaying the trial. Defendant's motion was filed some one and a half years after the suit was instituted and over three years after the truck had been sold at public auction. In light of these factors, the judge's denial of defendant's motion did not constitute an abuse of discretion.

Finally, defendant contends that the trial judge improperly considered the merits of the counterclaim in ruling on his motion. Even assuming that the trial judge should not have considered the merits of the proposed counterclaim, the court's statement to that effect is merely gratuitous since there are ample additional grounds for the trial court's denial of defendant's motion. If any error was committed, it could not have been prejudicial to the defendant.

For the reasons stated above, the Order appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

Affirmed and remanded.

Judges VAUGHN and CLARK concur.