JAFFA S. WATSON v. DAVID C. WATSON

No. 8024DC174

(Filed 7 October 1980)

1. **Rules of Civil Procedure § 15.1– answer amended after case calendared – no error**

The trial court did not err in allowing defendant's motion to amend his answer after the case was calendared for trial, since plaintiff failed to show prejudice because the motion was granted; defendant's original counsel had

Watson v. Watson

been removed from the case upon plaintiff's motion; and the motion for amendment was the first appearance by defendant's new counsel.

2. **Divorce and Alimony § 28.1; Judgments § 39; Estoppel § 4.3– foreign divorce decree – validity – reliance on decree by plaintiff – summary judgment for defendant proper**

In plaintiff's action to have a Florida divorce judgment declared invalid, the trial court properly entered summary judgment for defendant where defendant submitted a certified copy of the official court record of the Florida divorce action; the judgment was valid on its face, and defendant's pleadings asserted the validity of the decree and the legitimacy of defendant's domicile at the time of the original action; plaintiff offered no proof of the matter other than her own allegations contained in her pleadings, brief, and affidavit; included in the record was a notarized document signed by plaintiff stating that "undersigned acknowledges receipt of the complaint in this cause [the Florida divorce action], accepts the service thereof and enters a general appearance in this cause"; and plaintiff admitted in a "Compromise Settlement Agreement," copies of which both plaintiff and defendant entered into the record, that she had been divorced from defendant at an earlier time. Moreover, even if the Florida divorce were invalid and if plaintiff otherwise had standing to contest the decree, she would be estopped from doing so, since she relied upon the divorce judgment, without raising the question of its validity, in entering a settlement agreement under which she received valuable consideration.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 23 September 1979 in District Court, WATAUGA County. Heard in the Court of Appeals 28 August 1980, at Waynesville, North Carolina.

Plaintiff brought this action seeking to have a Florida divorce judgment declared invalid. She additionally sought to restrain defendant from remarrying, to set aside a property settlement, and to obtain alimony, as well as other relief not germane to this appeal.

Plaintiff, Jaffa S. Watson, and defendant, David C. Watson, were married on 15 September 1965 in Watauga County, North Carolina. David Watson brought an action for divorce in the state of Florida and was granted a final judgment of divorce on 3 February 1969, in the Circuit Court of Saint Lucie County, Florida. Subsequent to the divorce, plaintiff and defendant lived together on some occasions and jointly purchased property. On 27 August 1975 the parties executed a compromise settlement agreement, prepared by plaintiff's attorney. The agreement divided property owned jointly and separately by the parties.

More than a year after the settlement agreement was en-
tered into, on 8 November 1976, plaintiff instituted this action.
She now seeks to have the Florida divorce judgment declared
void on the grounds that the Florida court had no jurisdiction
because defendant was not a bona fide resident of that state.
After considerable delay, defendant's attorney was removed
from the case upon plaintiff's motion. In his first appearance in
the case, defendant's new counsel filed a motion to amend de-
fendant's answer on 20 February 1979, after the case had been
calendared for the following week. The motion was allowed.
Defendant then moved for summary judgment pursuant to
Rule 56 of the North Carolina Rules of Civil Procedure. Upon
submission of briefs and affidavits by the parties, Judge Bras-
well granted the summary judgment motion in part, dismissing
plaintiff's claims for invalidating the divorce judgment, for an
injunction against defendant's remarriage, and for temporary
alimony. The action for nullifying the settlement agreement
was not dismissed. Plaintiff appeals from the granting of defend-
ant's motion to amend and to the entry of summary judgment.

   *Homesley, Jones, Gaines, Dixon & Fields, by Wallace W.
Dixon, for plaintiff appellant.*

   *James M. Deal, Jr. for defendant appellee.*

   MARTIN (Harry C.), Judge.

   **[1]** Plaintiff's first assignment of error is that the trial court
abused its discretion in allowing defendant to amend his
answer after the case was calendared for trial. N.C.G.S. 1A-1,
Rule 15(a), allows amendments to be made after the action has
been placed upon the trial calendar "only by leave of the court
or by written consent of the adverse party; and leave shall be
freely given when justice so requires." This rule has been liber-
ally construed and the trial judge has been given broad discre-
tion in granting such motions. *Gladstein v. South Square Assoc.,*
39 N.C. App. 171, 249 S.E. 2d 827 (1978), *disc. rev. denied,* 296 N.C.
736 (1979); *Hudspeth v. Bunzey,* 35 N.C. App. 231, 241 S.E. 2d 119,
*disc. rev. denied,* 294 N.C. 736 (1978). The objecting party has the
burden of satisfying the trial court that he would be prejudiced
by the granting or denial of a motion to amend. *Roberts v.
Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972); *Garage v.
Holston,* 40 N.C. App. 400, 253 S.E. 2d 7 (1979). The exercise of
the court's discretion is not reviewable absent a clear showing

of abuse thereof. *Garage, supra; Willow Mountain Corp. v. Parker,* 37 N.C. App. 718, 247 S.E. 2d 11, *disc. rev. denied,* 295 N.C. 738 (1978).

Plaintiff argues that she demonstrated prejudice because the motion for amendment was made on the day the trial calendar was called and plaintiff had subpoenaed witnesses from other cities. There is, however, no time limit for amendment under Rule 15. *Gladstein, supra.* Defendant's original counsel had been removed from the case upon plaintiff's motion and the motion for amendment was the first appearance by defendant's new counsel. Under these circumstances, it is manifest that the trial judge acted within his sound discretion in granting defendant's motion to amend his answer, and the assignment of error is overruled.

[2] Plaintiff's other assignment of error, that the trial court's granting summary judgment to defendant on three of plaintiff's four claims for relief was improper, is based upon the argument that the 1969 divorce was void. Plaintiff alleges that defendant lacked the requisite domicile in Florida to bestow jurisdiction upon the courts of that state. Plaintiff argues that she made no appearance in the divorce case and is not barred from presently attacking the validity of the Florida court's final judgment. Plaintiff thus launches a collateral attack upon the judgment. "A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid." 8 Strong's N.C. Index 3d Judgments § 16, at 41 (1977). *See also Thrasher v. Thrasher,* 4 N.C. App. 534, 167 S.E. 2d 549, *cert. denied,* 275 N.C. 501 (1969).

It is well established that a divorce decree, rendered in the state of domicile of one of the spouses, is entitled to recognition in other states under Article IV, Section 1, of the United States Constitution, even though the defendant spouse in the divorce action was not personally before the court. *Williams v. North Carolina,* 317 U.S. 287, 87 L. Ed. 279, 143 A.L.R. 1273 (1942). *See Martin v. Martin,* 253 N.C. 704, 118 S.E. 2d 29 (1961). If the party obtaining the divorce in fact fulfilled the domicile requirements under the rendering state's law, it is immaterial that domicile was established solely for the purpose of obtaining a divorce. 1 R. Lee, N.C. Family Law § 96 (4th ed. 1979). *But cf. Shaffer v.*

*Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683 (1977) (minimum contacts necessary for all assertions of state court jurisdiction to comply with requirements of due process clause). However, the issue of whether the spouse was in fact domiciled in that state, in order to give the court subject matter jurisdiction, remains open for reexamination when the judgment in an ex parte divorce is attacked in another state. *Williams v. North Carolina,* 325 U.S. 226, 89 L. Ed. 1577, 157 A.L.R. 1366, *rehearing denied,* 325 U.S. 895, 89 L. Ed. 2006 (1945). Although false testimony alone is generally not a ground for setting aside a divorce, perjury for the purpose of falsely conferring jurisdiction is regarded as a fraud on the court and may be sufficient to render a resulting judgment void. 1 R. Lee, *supra,* § 90. *See Thrasher, supra.* Even though a judgment obtained without proper jurisdiction would generally be considered void, a spouse who participated in the divorce action may not later attack the decree where the decree is not susceptible to attack in the courts of the state which rendered it. *Sherrer v. Sherrer,* 334 U.S. 343, 92 L. Ed. 1429, 1 A.L.R. 2d 1355 (1948); *Coe v. Coe,* 334 U.S. 378, 92 L. Ed. 1451, 1 A.L.R. 2d 1376 (1948). *See Johnson v. Muelberger,* 340 U.S. 581, 95 L. Ed. 552 (1951).

When jurisdiction is attacked, there is a presumption in favor of the validity of the judgment. Lack of jurisdiction in a suit on a foreign judgment must be proved by the party challenging it, unless it affirmatively appears from the opposing party's pleadings or from the judgment itself. *Thomas v. Frosty Morn Meats,* 266 N.C. 523, 146 S.E. 2d 397 (1966). *See also Thrasher, supra.* In the instant case the judgment is valid on its face and defendant's pleadings assert the validity of the decree and the legitimacy of defendant's domicile at the time of the original action. Plaintiff offered no proof of the matter other than her own allegations contained in her pleadings, brief, and affidavit. Rule 56(e), North Carolina Rules of Civil Procedure, states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Plaintiff here has offered no such specific facts.

The moving party is entitled to summary judgment if he presents material that would require a directed verdict in his favor if presented at trial, unless the party opposing the motion comes forward with evidence that there is a triable issue of material fact. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970). Defendant submitted a certified copy of the official court record of the Florida divorce action. Included in the record is a notarized document signed by Jaffa S. Watson stating: "The undersigned acknowledges receipt of the complaint in this cause, accepts the service thereof and enters a general appearance in this cause." Plaintiff admits that she signed the original form but alleges that she was not given any accompanying papers and signed the paper at defendant's request. Her allegations are insufficient to deny the validity of the notarized document.

Both parties have entered into the record copies of the "Compromise Settlement Agreement." That document stipulates that "the parties hereto were ... divorced in St. Lucie County, Florida, on February 3, 1969." Plaintiff was represented by counsel upon the signing of the agreement, which was prepared by her attorney at her request. Defendant was not represented by counsel at that time. Plaintiff's claims for relief on the agreement itself were not dismissed by the trial court, as material issues of fact relating to its execution were controverted, but plaintiff admitted in that document that she recognized that she had been divorced from defendant at an earlier time. The evidence indicates that defendant was domiciled in Florida at the requisite time. His sworn testimony and that of his witness in the divorce action support the Florida court's conclusion that it had proper jurisdiction. Plaintiff offered no proof to the contrary. We hold that she did not present evidence sufficient to demonstrate the existence of a genuine issue of material fact regarding the validity of the Florida divorce. The motion for summary judgment was properly granted.

An additional basis for the granting of the summary judgment motion is that even if the divorce decree were invalid and if plaintiff otherwise had standing to contest the decree, she would be estopped from doing so at this time. Plaintiff relied

---

Watson v. Watson

---

upon the divorce judgment, without raising the question of its validity, in entering the 1975 settlement agreement. She received valuable consideration from the agreement; she now seeks to have it set aside in order to obtain a more favorable property division. 1 R. Lee, *supra*, § 98, at 463-64, states:

> Conduct other than participation in the foreign divorce proceeding may also be the basis for the application of the estoppel doctrine. One seeking relief from a divorce decree, either *domestic or foreign*, may, *by reason of his conduct subsequent to the rendition of the decree, be estopped from attacking it. A person cannot attack a divorce decree after using the benefits which it confers.*
>
> The doctrine of estoppel is applicable even though the plaintiff has obtained a divorce in an *ex parte* proceeding in a proceeding in a state in which neither the plaintiff nor the defendant is domiciled.

Even if the decree were invalid, "[h]aving chosen to recognize the divorce by treating it as valid, the spouse [against whom an invalid divorce is obtained] cannot thereafter seek to impeach the jurisdiction of the court which rendered the decree." *Id.* at 465. The time for plaintiff to have questioned the legitimacy of defendant's Florida residency and thereby the Florida court's jurisdiction, was in any event no later than the time she arranged for a property settlement on the basis of the divorce. Ideally, she should have raised the issue at the time she obtained notice of the action, when she received service and signed a form conceding to a general appearance. By not taking advantage of her earlier opportunities to protest, plaintiff is now estopped from raising the issue.

Affirmed.

Judges CLARK and HILL concur.