FIREMAN'S FUND INSURANCE COMPANIES v. A. T. WILLIAMS OIL COMPANY AND WILCO TRANSPORT, INC.

No. 8321SC1104

(Filed 18 September 1984)

Insurance § 123— additional premium charged—method of calculation—no notice to insured

In an action to recover premiums allegedly due for the third year of insurance coverage provided to defendants, defendants had a right to rely on the

assumption that their renewal policy with plaintiff would be based upon the same terms and conditions as the policies of the first two years, and plaintiff's conduct in first giving defendants notice of a change from a payroll classification to a sales receipts classification by way of a premium adjustment statement which was sent six months after the policy expired estopped plaintiff from asserting any claim to additional premiums.

APPEAL by plaintiff from *Mills, Judge.* Judgment entered 8 June 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 August 1984.

Plaintiff insurance company brought suit to recover premiums allegedly due for the third year of insurance coverage provided to defendants. Plaintiff first insured the retail and wholesale gas and fuel operations of defendant for a term of one year, 1 December 1977 to 1 December 1978. The policy was then renewed for each of the next two years, 1 December 1978 to 1 December 1979, and 1 December 1979 to 1 December 1980.

In each of the three years defendant paid an estimated premium at the beginning of the year. An audit at the end of the year would produce an adjusted premium. In the first two policy years, the adjusted premiums were approximately $8,000 higher than the estimated premiums. The adjusted premium for the third policy year resulted in an increase of $73,060 over the estimated $31,842 premium.

The dramatic increase in the amount of the premium resulted from a change in the method of calculating premiums. Plaintiff used two classifications, one based on payroll and the other based on sales receipts. In the first two policy years, plaintiff applied only the payroll classification to defendants. In the third policy year, plaintiff also used the sales receipts classification in calculating defendants' premiums. Defendants were not made aware of the addition of the receipts classification until notice of the $73,060 adjusted premium arrived. Except for the change in the method of calculation the renewal policies did not vary in their terms.

At trial, the judge granted defendants' motion for a directed verdict at the close of plaintiff's evidence. From the granting of this motion, plaintiff appeals.

*Wilson and Small, by Christopher J. Small, for plaintiff appellant.*

*Bell, Davis and Pitt, by William K. Davis, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendants' motion for directed verdict. We disagree and affirm the court's order.

Upon a motion for directed verdict made at the conclusion of the plaintiff's evidence, the court must determine whether the evidence, taken in the light most favorable to the plaintiff and giving it the benefit of every reasonable inference that can be drawn therefrom, is sufficient to withstand the motion. *Sawyer v. Shackleford*, 8 N.C. App. 631, 175 S.E. 2d 305 (1970). Plaintiff claims that defendants supplied the figures used for the estimated premiums and that the classification was identified on the policy itself as being based on sales receipts rather than payroll. This evidence, plaintiff claims, is sufficient to withstand defendants' motion for directed verdict. We conclude, however, that the motion was properly allowed.

Plaintiff admitted on discovery that the first notice to defendants of the change in defendants' renewal policy from a payroll classification to a sales receipts classification came by way of the premium adjustment statement which was sent in June of 1981, six months after the policy expired. The change to a receipts classification had never been discussed by the parties. We find that the fact that the receipts classification number appeared on the premium adjustment statement and was identified as "receipts" does not constitute notice of the classification change to defendants. Something more was needed, such as a cover letter or a description of the change on a separate piece of paper. *See Government Employees Ins. Co. v. United States*, 400 F. 2d 172, 175 (10th Cir. 1968).

Moreover, plaintiff's assertion that defendants supplied the figures used to estimate the premiums does not show that they had notice of the classification change. The evidence indicates

that the figures supplied by defendants were intended to repre-
sent payroll information rather than sales receipts information.

We find that defendants had a right to rely on the assump-
tion that their renewal policy with plaintiff would be based upon
the same terms and conditions as the policies of the first two
years. Plaintiff's conduct in failing properly to notify defendants
of the classification change, therefore, acts to estop it from assert-
ing any claim to additional premiums. *Gaston-Lincoln Transit, Inc.
v. Maryland Casualty Co.*, 20 N.C. App. 215, 201 S.E. 2d 216
(1973), *aff'd*, 285 N.C. 541, 206 S.E. 2d 155 (1974).

At the close of plaintiff's case, the evidence was undisputed
that defendants were not properly notified of the policy change.
Where only one inference may be drawn from undisputed facts,
the question of estoppel is one of law for the court, and the court
may direct a verdict upon the issue. *Hawkins v. M & J Finance
Corp.*, 238 N.C. 174, 77 S.E. 2d 669 (1953). We hold that the trial
court properly directed the verdict in favor of defendants.

Affirmed.

Judges WHICHARD and EAGLES concur.