NORTH RIVER INSURANCE COMPANY AND UNITED STATES FIRE INSURANCE COMPANY, PLAINTIFFS v. JOEL R. YOUNG, CAMILLA A. YOUNG AND MATTHEW ASHWORTH YOUNG, THE GLENN POWELL INSURANCE AGENCY, INC., CATHY FRAZIER, AND RICHARD N. AYCOCK, III, DEFENDANTS

No. 9414SC175

(Filed 7 February 1995)

1. **Appeal and Error § 87 (NCI4th)— appeal from summary judgment—interlocutory—certification by trial court**

    Although an appeal from a trial court's summary judgment was interlocutory because the judgment did not determine the entire controversy between the parties, the appeal was properly considered because the trial judge certified the order for appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b).

    **Am Jur 2d, Appeal and Error 1§ 47 et seq.**

    **Comment Note.—Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.**

2. **Insurance § 162 (NCI4th)— liability insurance—boating accident—reformation—reduction in coverage at renewal**

    The trial court did not err by granting summary judgment for defendants in an action arising from a boating accident where plaintiff insurance companies filed a complaint seeking a declaration of their rights and duties under a homeowners policy, asserting that watercraft exclusions applied. Although plaintiffs contended that, while the prior policy would not have excluded the accident, the policy in effect at the time of the accident would have excluded coverage because it was a new contract, based on the face of the contract alone it is clear that the policy was a continuous renewal of the original policy. Where there is a standardized contract and the insured and insurer are in unequal bargaining positions, any exceptions, limitations, or exclusions that may vary from the original policy issued must clearly, conspicu-

ously and unambiguously be called to the insured's attention. The notice must be specific, especially where there is a reduction in coverage, and the reduction in coverage for watercraft in this case was not specifically set forth in the Homeowners Coverage Update.

Am Jur 2d, Insurance §§ 357 et seq.

3. Pleadings § 388 (NCI4th)— amended answer—shortly before summary judgment—no abuse of discretion

The trial court did not abuse its discretion in an action arising from a boating accident in allowing defendants to amend their answers to add a defense relating to notice of changes in a renewed policy where the motions were allowed over two years after the lawsuit commenced and one week before defendants' motions for summary judgment were heard. There is no time limit to move to amend under N.C.G.S. § 1A-1, Rule 15 and the fact that additional discovery may be required does not amount to prejudice or make the delay undue. Being the insurers, it seems likely that plaintiffs were either surprised or prejudiced by the additional basis for reformation of a policy.

Am Jur 2d, Pleading §§ 306 et seq.

Appeal by plaintiffs from order entered 7 September 1993 by Judge A. Leon Stanback, Jr. in Durham County Superior Court. Heard in the Court of Appeals 19 October 1994.

Appeal by plaintiffs from judgment entered 26 October 1993 by Judge Dexter Brooks in Durham County Superior Court. Heard in the Court of Appeals 19 October 1994.

On 15 August 1989, defendant Aycock was injured when he was struck by a Yamaha Waverunner (hereinafter "Waverunner") owned by defendant Joel Young and operated by his fourteen-year-old son, Matthew Young. On 8 August 1991, defendant Aycock commenced an action against defendants Young seeking damages for his personal injuries.

At the time of the accident, defendants Young had a homeowners insurance policy with plaintiff North River Insurance Company (North River) and a personal umbrella policy with plaintiff United States Fire Insurance Company (U.S. Fire). The original homeowners policy issued in 1986, Form 7-80, contained a narrow exclusion related to the ownership of watercraft under certain conditions, which

would not have applied to the accident at issue. However, based on changes approved by the Department of Insurance in 1987, another policy form, Form 4-84, replaced Form 7-80. Form 4-84 was issued to defendants Young for the period 14 June 1989 to 14 June 1990, which covered the time of the accident, and contained a broader exclusion regarding watercraft. The personal umbrella policy contained an exclusion for watercraft, but contained an exception to the exclusion where there is underlying insurance.

On 17 January 1991, in anticipation of a claim initiated by defendant Aycock against defendants Young, plaintiffs North River and U.S. Fire filed a complaint for declaratory relief requesting a judicial declaration of their respective rights and duties under the homeowners policy, Form 4-84, and umbrella policy issued to defendants Young. Plaintiffs asserted in their complaint that the watercraft exclusions in both policies applied, and thus, they owed no coverage for any injuries or damages suffered by Aycock. Defendants answered, alleging as a defense that the policies were reformed by representations, made by plaintiffs' employees and/or agents, Cathy Frazier and Glenn Powell Insurance Agency, Inc., that such policies did provide coverage. Plaintiffs amended their complaint on 4 November 1991 to add defendants Frazier and Glenn Powell, who are not parties to this appeal. Plaintiffs added Aycock as a defendant in a second amended complaint filed on 9 June 1992.

On 20 July 1993 and 13 August 1993 respectively, defendants Young and Aycock filed similar but separate motions to amend their answers. They sought to allege in the alternative and as another defense that the Form 4-84 policy should be reformed because evidence produced in discovery established that plaintiffs failed to notify defendants of specific reductions in coverage, which Form 7-80 formerly had provided and which was associated with the use of the Waverunner. The motions were allowed by order entered 7 September 1993.

Defendants Young and Aycock filed motions for summary judgment respectively on 3 September 1993 and 7 September 1993. These motions were heard along with plaintiffs' oral motion for summary judgment on 13 September 1993. On 26 October 1993, the court allowed defendants' motions and denied plaintiffs' motion.

Plaintiffs appeal the judgment allowing defendants' motions for summary judgment and denying plaintiffs' oral summary judgment motion and the order allowing defendants' motions to amend.

NORTH RIVER INS. CO. v. YOUNG

[117 N.C. App. 663 (1995)]

*Poe, Hoof & Reinhardt, by J. Bruce Hoof and James C. Worthington, for plaintiffs appellants.*

*Pipkin & Knott, by Ashmead P. Pipkin, for defendants appellees Joel R. Young, Camilla A. Young and Matthew Ashworth Young.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Renee C. Rigsbee, for defendant appellee Richard N. Aycock, III.*

ARNOLD, Chief Judge.

[1] This appeal is interlocutory because the trial court's summary judgment did not determine the entire controversy between the parties. *Veazey v. Durham,* 231 N.C. 357, 57 S.E.2d 377, *reh'g denied,* 232 N.C. 744, 59 S.E.2d 429 (1950). But, this interlocutory appeal is properly considered on appeal since the trial judge certified the order for appeal pursuant to N.C. Gen. Stat. § 1A-1 , Rule 54(b) (1990), which states "if there has been a final disposition as to one or more but fewer than all of the claims or parties in a case, the trial judge may certify that there is no just reason to delay appeal." *Taylor v. Brinkman,* 108 N.C. App. 767, 769, 425 S.E.2d 429, 431, *disc. review denied,* 333 N.C. 795, 431 S.E.2d 30 (1993).

[2] Plaintiffs' first assignment of error is that the trial court erred in allowing defendants' respective motions for summary judgment and denying plaintiffs' oral motion for summary judgment. After amending their answers to include as an additional basis for reformation plaintiff North River's failure to adequately notify the insured of a reduction in coverage, defendants moved for summary judgment. Following a hearing, the trial court concluded that there was no genuine issue of material fact, and defendants were entitled to judgment as a matter of law on all plaintiffs' claims for declaratory relief. The trial court further ordered:

> In the alternative, because of Plaintiff North River Insurance Company's failure to call the Young Defendants' attention to the alleged reductions in its policy coverage in the June 1988 renewal of its homeowners insurance policy issued to the Young Defendants, the Young Defendants are entitled to reformation of the watercraft exclusion applicable to the liability coverages in Plaintiff North River Insurance Company's homeowners insurance policy described in Plaintiffs' Second Amended Complaint to read as described in Exhibit 9 to the Deposition of Denise Lorz Abels taken in this action.

Where a summary judgment motion has been granted the two critical questions of law on appeal are whether, on the basis of the materials presented to the trial court, (1) there is a genuine issue of material fact and, (2) whether the movant is entitled to judgment as a matter of law. *Berkeley Federal Savings and Loan Assn. v. Terra Del Sol*, 111 N.C. App. 692, 433 S.E.2d 449 (1993), *disc. review denied*, 335 N.C. 552, 441 S.E.2d 110 (1994). Review of summary judgment on appeal is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones. *Ellis v. Williams*, 319 N.C. 413, 355 S.E.2d 479 (1987). The purpose of summary judgment is to eliminate the need for a formal trial where only questions of law are involved, and a fatal weakness in the claim of a party, such as an unsurmountable affirmative defense or the nonexistence of an essential element, is exposed. *Hall v. Post*, 85 N.C. App. 610, 355 S.E.2d 819 (1987), *rev'd on other grounds*, 323 N.C. 259, 372 S.E.2d 711 (1988).

The threshold issue in this case is the determination of whether the policy in effect at the time of the accident was a new contract or a renewal of the original policy. The significance of this determination was discussed in *Setzer v. Insurance Co.*, 257 N.C. 396, 126 S.E.2d 135 (1962):

> It is a matter of common knowledge that insurance companies from time to time change the terms of their policies. One may not assume that a new insurance contract of any kind will conform to the terms of a prior policy of the same type. However, a different rule applies to renewals and the law does not impose the same degree of care upon an insured to examine a renewal policy as it does to examine an original policy. With reference to renewals, Appleman states the rule to be as follows: "Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract.

*Id.* at 403, 126 S.E.2d at 140.

Plaintiffs contend that the policy in effect at the time of the accident, Form 4-84, excluded liability coverage for bodily injury or property damages arising out of "the ownership, maintenance, use, loading or unloading of a watercraft . . . with inboard or inboard-outdrive motor power owned by an insured . . . ." They argue that although the prior policy, Form 7-80, would not have excluded the accident in question from coverage, the Form 4-84 policy issued in

1988 before the accident was a new contract, which the insured had a duty to read and to which he is bound. Defendants, however, argue that summary judgment should be upheld because Form 4-84 was merely a renewal of the prior policy, and therefore defendants had a right to rely on the assumption that, absent sufficient notice to the contrary, their renewal was the same in terms of coverage as the original; because plaintiffs failed to give adequate notice of the reduction in coverage from Form 7-80 to Form 4-84, defendants were entitled to reformation of Form 4-84 by applying the original policy exclusion, which provides liability insurance coverage for all sums owed by defendants Young to defendant Aycock.

The question of whether the policy at issue is a renewal of the original policy or a new contract is a question of law for the court, and thus proper for summary judgment. *See Borders v. Global Ins. Co.*, 430 S.E.2d 854 (Ga. App. 1993). Both parties cite to *Transit, Inc. v. Casualty Co.*, 20 N.C. App. 215, 201 S.E.2d 216 (1973), *aff'd*, 285 N.C. 541, 206 S.E.2d 155 (1974), in which this Court held that "in the renewal of an insurance contract, absent notice to the contrary, the insured has a right to expect that the coverage of the new policy will be substantially the same as that afforded by its predecessor." *Id.* at 223, 201 S.E.2d at 221; *see also Fireman's Fund Ins. Co. v. Williams Oil Co.*, 70 N.C. App. 484, 319 S.E.2d 679 (1984). The rationale behind the rule announced in *Transit, Inc.* is

> that if an insurance company knows that the renewal policy differs and does not inform the insured, it is guilty of fraud or unequitable conduct, or that if it does not know, it is because of a mistake, and in either event the insured, who has relied on the assumption that he is receiving a policy based on the same terms and conditions as the earlier one, is entitled to recover as though there had not been a change in the coverage in the renewal policy.

*Id.* at 222, 201 S.E.2d at 220 (quoting D.C. Barrett, Annotation, *Renewal Policy—Reduction in Coverage*, 91 A.L.R. 2d 546, 549 (1963)).

The trial court in the instant case found that plaintiff North River failed to give proper notice of the reductions in coverage in the June 1988 "renewal." After examining the record, we are satisfied that the trial court correctly determined that the contract at issue was a renewal. The declarations page of each insurance contract issued annually, subsequent to the original policy, had the word "Renewal" printed under the line "Reason for Issuance." The homeowners insurance policy number remained the same for each subsequent policy.

Furthermore, the "Homeowners Coverage Update" issued with the June 1988 renewal policy stated that the changes made on the current homeowners policy were "[e]ffective on your policy renewal date." Therefore, based on the face of the contract alone it is clear that the policy was a continuous renewal of the original policy.

Since the insurance policy issued was a renewal, the next question is whether the insurer gave sufficient notice of changes in coverage to eliminate the insured's right to rely on the terms of the original policy. "If, absent notice to the contrary, the insurer inserts an endorsement varying the original coverage, the renewal contract may be reformed to conform with the terms of the prior policy. Recovery may be had in that same action by the insured under the renewal contract as reformed." *Transit, Inc.*, 20 N.C. App. at 223, 201 S.E.2d at 221.

Both parties concede that a variance in coverage was made by the insured. When Form 4-84 was issued to defendants Young, a document called "Homeowners Coverage Update" accompanied the form. The update listed a few of the "important changes," but referred the insured to the policy or independent insurance agent for a "more complete picture." Among the listed changes in coverages was for watercraft and trailers; that change was described as "Increased to $1000. Subject to policy restrictions."

Plaintiff North River argues that it fulfilled its duty of providing notice, that the changes mandated by the Insurance Commission were too numerous to bring to the insured's attention in detail, and the most effective way to call the insured's attention to all areas of significant changes was to invite the insured to consult the policy itself. We disagree with plaintiffs and hold that reasonable minds cannot differ as to the sufficiency of notice given, and that the notice provided was insufficient. We adopt the rule that "a general admonition to read the policy for changes is insufficient [notice]." *Davis v. United Services Automobile Assoc.*, 273 Cal. Rptr. 224, 230 (Cal. App. 3d 1990); *see also* 13A John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 7648, at 456 (1976). Furthermore, although the case at bar differs from *Transit, Inc.* in that the endorsement changing coverage in the policies at issue in that case was accompanied by no notice whatsoever, the Homeowners Coverage Update provided in this case was so insufficient as to amount to no notice.

Few cases have determined the issue of what constitutes adequate notice to apprise the insured of a change contained in a renew-

al policy, however, the language in *Fields v. Blue Shield of California*, 209 Cal. Rptr. 781 (Cal. App. 3d 1985) is convincing. The *Fields* court stated:

> [I]n the case of 'standardized' (insurance) contracts, made between parties of unequal bargaining strength, exceptions and limitations on coverage the insured could reasonably expect must be called to the subscriber's attention clearly and plainly before the exclusion will be interpreted to relieve the insurer of the liability for performance.

*Id.* at 785-86 (citations omitted). In *Fields*, the court determined that an exclusion in a renewal policy was not contained in either section entitled "How Plan Changes" or "Exclusion," but rather the exclusion was placed in small print under a heading describing "Supplemental Benefits." The court held that the insurer failed to notify by a "clear, conspicuous notice in an expected place that coverage he originally had was now totally withdrawn." *Id.* at 786.

We likewise hold that where there is a standardized contract, such as the homeowners policy here, and the insured and insurer are in unequal bargaining positions, any exceptions, limitations, or exclusions that may vary from the original policy issued must clearly, conspicuously and unambiguously be called to the insured's attention. Especially where there is a reduction in coverage, the notice must be specific. Here, the reduction in coverage for watercraft, as defined in the policy, was not specifically set forth in the Homeowners Coverage Update. In fact, the statement, "Increased to $1000. Subject to policy restrictions," does not differentiate between property and liability coverage, and implies that coverage has been improved. The trial court therefore did not err in granting summary judgment for defendants, concluding that defendants were entitled to reformation of the watercraft exclusion, and denying plaintiffs' summary judgment motion.

[3] Plaintiffs' second assignment of error is that the trial court erred by allowing defendants to amend their respective answers to add the renewal/notice defense discussed above. A pleading may be amended after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). Whether a motion to amend a pleading is allowed or denied is addressed to the sound discretion of the trial court and is accorded great deference. *Outer Banks Contractors v. Daniels & Daniels Con-*

*struction*, 111 N.C. App. 725, 433 S.E.2d 759 (1993). The party objecting to the amendment has the burden of establishing it will be materially prejudiced by the amendment. *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986).

Plaintiffs contend that they were prejudiced by undue delay, undue prejudice, and bad faith. *See Patrick v. Williams*, 102 N.C. App. 355, 402 S.E.2d 452 (1991) (Reasons justifying a denial of a motion to amend include undue delay, bad faith or dilatory tactics, and undue prejudice.). We disagree. Although the motions were allowed over two years after the lawsuit commenced and one week before defendants' motions for summary judgment were heard, there is no time limit to move to amend under Rule 15. *Watson v. Watson*, 49 N.C. App. 58, 270 S.E.2d 542 (1980). Nor does the fact that additional discovery may be required amount to prejudice or make the delay "undue." *Coffey v. Coffey*, 94 N.C. App. 717, 381 S.E.2d 467 (1989). Moreover, being the insurers, it seems unlikely that plaintiffs were either surprised or prejudiced by the additional renewal/notice basis for reformation. Finally, plaintiffs' blanket allegation that defendants' motions to amend on the renewal/notice theory was a "strategy . . . patently designed to deny Plaintiffs notice of this theory" is unsupported. Therefore, the trial court did not abuse its discretion in allowing defendants' motions to amend their answers in light of the attendant circumstances.

Affirmed.

Judges COZORT and LEWIS concur.