***********
The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Gheen, and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider and upon reconsideration, the Full Commission VACATES the Order of the Deputy Commissioner and enters the following Order.
 ***********
The issue before the Full Commission is whether defendant's Motion to Amend Answer, allowing an additional affirmative defense, should be granted. For purposes of clarification, a brief procedural history of the claim follows. *Page 2 
Plaintiff filed his Affidavit on November 20, 2008, alleging that the medical negligence of defendant's employees proximately caused the wrongful death of plaintiff's intestate, Jonathan Andrew Thames. Defendant filed its Answer to plaintiff's Affidavit on January 28, 2009, denying the allegations of the Affidavit and asserting the affirmative defense of contributory negligence.
Plaintiff sought entry of a discovery scheduling order by Motion filed on February 4, 2009 and, after receiving input from the parties, a discovery scheduling order was entered by Deputy Commissioner Gheen on May 11, 2009, as well as a revised discovery scheduling order on September 22, 2009. The revised order set deadlines for the taking of depositions and indicated that the case would be ready to set for hearing anytime after August 1, 2010.
On or before December 1, 2009, the depositions of plaintiff and four fact witnesses were completed by the parties. The deposition of one treating physician fact witness was completed on January 25, 2010, by agreement of the parties. On or before December 15, 2009, plaintiff identified his expert witness, whose deposition was scheduled for March 2010.
On January 4, 2010, defendant filed the motion which is the subject of this matter, which was a Motion to Amend Answer to assert the affirmative defense of statutory immunity pursuant to N.C. Gen. Stat. § 122C-210.1. N.C. Gen. Stat. § 122C-210.1 provides qualified immunity from civil liability for mental health providers if they follow accepted professional judgment, practice and standards.
At the time defendant filed its Motion to Amend Answer, the trial date was at least eight months away and plaintiff had not taken the deposition of his expert witness. Discovery was ongoing and had not been completed. The Deputy Commissioner denied defendant's Motion by Order filed July 6, 2010, and defendant appealed to the Full Commission.
 *********** *Page 3 
Rule 15 of the North Carolina Rules of Civil Procedure provides in relevant part that:
 [a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
N.C. Gen. Stat. § 1A-1, Rule 15 (2010). Therefore, pursuant to the statute, leave to amend should be freely given and whether to allow or deny a motion to amend a pleading is within the discretion of the court.Id.; North River Ins. Co. v. Young,117 N.C. App. 663, 453 S.E.2d 205 (1995). The burden is on the party objecting to the amendment to show that he would be materially prejudiced by the amendment. Mauney v. Morris,316 N.C. 67, 340 S.E.2d 397 (1986); Vernon v. Crist,291 N.C. 646, 231 S.E.2d 591 (1977); Kinnard v. Mecklenburg Fair,46 N.C. App. 725, 266 S.E.2d 14, aff'd per curiam,301 N.C. 522, 271 S.E.2d 909 (1980); Public Relations,Inc. v. Enterprises, Inc., 36 N.C. App. 673, 245 S.E.2d 782 (1978).
The Court of Appeals has stated that "[l]iberal amendment of pleadings is encouraged by the Rules of Civil Procedure in order that decisions be had on the merits and not avoided on the basis of mere technicalities."Phillips v. Phillips,46 N.C. App. 558, 560-561, 265 S.E.2d 441, 443 (1980).
Our Courts have held that factors to consider in deciding whether to grant or deny a motion to amend include undue delay, bad faith, undue prejudice, and the futility of the amendment. Walker v. Walker,143 N.C. App. 414, 418, 546 S.E.2d 625, 628 (2001); Members InteriorConstruction v. Leader Construction Co.,124 N.C. App. 121, 124, 476 S.E.2d 399, 402 (1996),disc. rev. denied, 345 N.C. 754, 485 S.E.2d 56 (1997);Patrick v. Williams, 102 N.C. App. 355, *Page 4 
360, 402 S.E.2d 452, 455 (1991); Martin v. Hare,78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985).
Defendant's Motion to Amend Answer does not prejudice the course and scope of further discovery in the present action or cause undue delay. The statute does not contain a time limit to amend pleadings. N.C. Gen. Stat. § 1A-1, Rule 15 (2010); Watson v.Watson, 49 N.C. App. 58, 270 S.E.2d 542 (1980). The fact that additional discovery may be required if amendment is allowed does not constitute prejudice or make the delay "undue." North RiverIns. Co. v. Young, supra; Coffey v. Coffey,94 N.C. App. 717, 318 S.E.2d 467 (1989).
Nothing within the record suggests bad faith by defendant. N.C. Gen. Stat. § 1A-1, Rule 15.
 *********** ORDER
1. The Order of Deputy Commissioner Gheen denying defendant's Motion to Amend Answer is VACATED.
2. In its discretion, the Full Commission hereby GRANTS defendant leave to amend their answer.
3. Defendant shall pay the costs of re-deposing any necessary witnesses that have already been deposed as of the date of this Order.
4. This case is REMANDED to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for further discovery scheduling and hearing on the merits.
This the 26th day of January, 2011. *Page 5 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1