[No. D009954. Fourth Dist., Div. One. Sept. 18, 1990.]

RICHARD DAVIS et al., Plaintiffs and Respondents, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant
and Appellant.

**COUNSEL**

Rogers, Joseph, O'Donnell & Quinn, Susan M. Popik, Haasis, Pope & Correll and Steven R. Haasis for Defendant and Appellant.

Thorsnes, Bartolotta, McGuire & Padilla, Neal H. Rockwood and Suuzen Ty Anderson for Plaintiffs and Respondents.

## OPINION

**KREMER, P. J.**—United Services Automobile Association (USAA) appeals a judgment in favor of Richard and Yvonne Davis. On appeal, USAA contends the court erred in finding the loss was covered under the original policy and that exclusions in later policies did not apply because USAA had failed to adequately notify the Davises of the new exclusions. We affirm.

### FACTS

USAA insured the Davis home with an all-risk policy. From January 3, 1978, to January 3, 1984, the "HO-3 policy" form was in effect. That policy specifically excluded loss "caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising or shifting, unless [an ensuring covered loss occurred in which case the covered loss was covered]." The HO-3 policy did not expressly exclude losses due to the negligence of a third party.

In January 1984, USAA issued "the HO-82 policy" to the Davises. The new "easy reading" HO-82 policy continued to exclude losses due to earth movement "[m]eaning any loss caused by, resulting from, contributed to or aggravated by earthquake; landslide; mudflow; earth sinking, rising or shifting; volcanic eruption meaning the eruption, explosion or effusion of a volcano . . . ." The HO-82 also excluded loss caused by: "Faulty, inadequate or defective:

"(1) planning, zoning, development, surveying, sitting [*sic*];

"(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

"(3) materials used in repair, construction, renovation or remodeling, or;

"(4) maintenance;

"of part or all of any property whether on or off the residence premises."

Accompanying the HO-82 policy was a chart comparing coverages of the old and new policies. At the top of this chart, USAA explained: "Our new, easier to read Homeowners policy is attached. The format was prepared by the Insurance Services Office (ISO), an organization serving the nation's leading insurance companies, as part of its Homeowners '82 program. Although you'll note several modifications in coverage as you read through

(many coverages have been added or expanded, and some coverages have been deleted or restricted), your new policy corresponds to your previous one—that is, if you had an HO-3 Special Form policy, your new one is an HO-3 Special Form. We've attempted, in the chart below, to make it easy for you to see all the major changes in one place. Please read the entire contract. Even the coverage areas that haven't been changed have been reworded to make them much easier for you to understand. Since this chart outlines a wide variety of policy changes, you should refer to your policy to determine the exact coverage for loss or damage."

The chart did not include the new exclusion for loss caused by contractor negligence.

The HO-82 policy was also accompanied by an "Important Notice" stating: "Your new Policy contains some changes from your previous one. Please take a moment to read this notice. For specific coverage details refer to the policy itself.

"While USAA's policy is among the broadest available, it does not cover all possible losses that could occur to your home, no policy does. Certain perils are considered either not insurable or insurable only with an additional premium.

"For example, losses due to flood and mudslide are excluded from our policy and those of other insurers. Coverage for flood and some forms of mudslide may be obtained in most areas by purchasing a National Flood Insurance Program Policy which is available from USAA.

"Earthquake is also excluded, though you may purchase this coverage for an additional premium on your Homeowners Policy. If you want earthquake coverage or aren't sure if you have it on your policy now, give us a call.

"The specific policy language dealing with these and some related perils has been revised in your new policy to clarify the coverage afforded. These changes do not represent a cutback in the coverage we intend to provide. They do, hopefully, more clearly express what has always been our intent. We hope you will read the whole policy, and in particular the SECTION I— EXCLUSIONS on page 6. We will be happy to answer any questions you may have."

In January 1986, USAA issued a new form, "the HO-84 policy" which continued the exclusions for earth movement and contractor negligence. With this policy, USAA sent a notice titled "Important Changes in your

Homeowners Policy HO-82 to HO-84." USAA explained it was "a summary of the major coverage changes in the new Homeowners policy." This notice included a section called "Exclusions" which had three subparts: I. Broadening of Coverage (which included adding volcanic eruptions as a covered peril); II. Reduction of Coverage (which did not include the exclusion for contractor negligence); and III. Clarification of Coverage. The "Clarification" section stated: "In an attempt to clarify the original policy intent not to provide coverage for losses caused by or contributed by an excluded peril, three new exclusions have been added. They are:

"weather conditions;

"acts or decisions; and

"faulty, inadequate or defective planning, development, . . . design, . . . specifications, . . . materials, . . . or maintenance . . . .

"However, any ensuing loss to property described in Coverages A and B not excluded or excepted is covered."

In 1986, the Davises sustained physical loss to their home due to soil subsidence. They timely notified USAA of the loss. USAA, among other things, hired Santa Fe Soils, Inc., to perform a subsurface exploration of the loss. The subsurface exploration revealed: (1) the foundation slab was not reinforced, (2) the subgrade soils were improperly prepared due to improper compaction and use of expansive soils as fill dirt, and (3) there was earth movement.

USAA denied the claim in January 1987, citing the earth movement exclusion. The Davises filed a complaint for breach of contract, breach of the implied covenant of good faith and fair dealing and breach of statutory duty. The parties stipulated to the facts and issues for trial. In stipulating to the issues, the parties stated:

"Note: There is no dispute with respect to coverage under the HO-84 policy. The parties agree, *solely for the purposes of this litigation*, that if the HO-84 policy is the proper policy to be applied to plaintiffs' loss, then the loss is not covered.

"1. Is plaintiffs' loss covered under the HO-3 policy? (If there is no coverage under this policy, then the remaining issues concerning notice of policy language changes are irrelevant.)

"2. Did the relevant changes in policy language between the HO-3 policy and the HO-84 policy constitute a coverage 'elimination' or 'reduction'

sufficient to impose upon USAA a legal duty to notify its insureds of those changes?

"3. If USAA had a legal duty to provide notification to its insureds, were the notices sent by USAA (including to HO-82 policy and its accompanying notices) adequate to discharge that duty.

"4. If the answer to issue 3 is negative, is the HO-3 policy the proper policy to be applied to plaintiffs' loss?"

The trial court found the loss was covered by the HO-3 policy because the loss was caused by third party negligence, a loss not excluded by the policy; the changes between the HO-3 policy and the HO-84 policy constituted an elimination or reduction of coverage which imposed on USAA a duty to notify the Davises of the changes; USAA's notice was insufficient to discharge that duty and therefore the HO-3 policy applied to cover the loss.

DISCUSSION

I

*Coverage Under the HO-3 Policy*

■ The general rule is that in an all-risk property insurance such as the one issued by USAA to the Davises, all risks are covered unless specifically excluded in the policy. (*Strubble* v. *United Services Auto. Assn.* (1973) 35 Cal.App.3d 498, 504 [110 Cal.Rptr. 828].) When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the triggering or "efficient proximate cause" of the loss. (*Garvey* v. *State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 402 [257 Cal.Rptr. 292, 770 P.2d 704].) The "efficient proximate cause" is the " 'one that sets others in motion,' " " 'the predominating or moving efficient cause' " or the " 'prime' " cause. (*Id.* at pp. 403, 405.) The loss is not covered if the covered risk was only a remote cause of the loss or the excluded risk was the efficient proximate cause of the loss. The question of what caused the loss is generally a question of fact. (*Id.* at p. 412.)

■ Here, there were two causes identified for the loss: (1) earth movement and (2) the negligence of the contractor in failing to reinforce the foundation slab and properly prepare the subgrade soils. The first risk, earth movement, was clearly excluded in the HO-3 and other policies. The second risk, contractor negligence, was not specifically excluded in the HO-3 policy and therefore, under the general rule, it was a covered risk. USAA, relying on a footnote in the California Supreme Court's decision in *Garvey*, argues

its earth movement exclusion in the USAA policy excluded the kind of negligence involved here.

In *Garvey*, the Supreme Court noted in a footnote: "A related issue involves whether courts should distinguish between types of negligence when determining whether a loss caused by negligence is covered under a similar policy. For example, if construction is undertaken on the insured premises for the sole purpose of protecting against the operation of a specifically excluded risk under the homeowner's policy, and that improvement subsequently fails to serve its purpose because it was negligently designed or constructed, the damage to the structure should arguably not be covered. On the other hand, ordinary negligence that contributes to property loss, but does not involve acts undertaken to protect against an excluded risk, may give rise to coverage under an all-risk policy. In other words, at some point, courts may want to distinguish between types of negligence when analyzing coverage in a first party property insurance context. The issue, however, was not raised in the present case, and we do not address it here." (*Garvey* v. *State Farm Fire & Casualty Co.*, *supra*, 48 Cal.3d 395, 408-409, fn. 7.)

USAA contends the contractor negligence here is the type of negligence which the *Garvey* court was suggesting would not be covered. USAA argues: "the sole reason that slabs are reinforced, that soil is compacted, or that expansive soil is not used as fill dirt is *to protect against possible damage resulting from earth movement*. Thus, the only loss-producing factors in the Davis's loss, apart from earth movement, were acts undertaken—albeit improperly—to protect against the operation of earth movement, a specifically excluded risk." (Italics in original.)

There are a number of problems with this argument. First, even assuming the *Garvey* footnote's suggestion stated controlling law, it would not apply to this case. As the Davises point out, there was no evidence presented on the reasons for reinforcing foundations or preparing soils and thus, no factual finding was made on this issue which we could support on appeal. Nor does the record establish the improvements here were solely to prevent the occurrence of the excluded risk. The improvements here were not merely anti-earth movement devices; they were: (1) grading and (2) a foundation. When seen in this light, it becomes clear neither improvement was the type undertaken solely to prevent earth movement; grading is performed for a variety of reasons including providing an area on which it is cheaper and quicker to build and which may provide a lot more desirable to the final buyer, a foundation also provides support for the structure.

More importantly, the *Garvey* footnote does not state controlling law nor is it even dicta in a strict sense. At most it is a statement of an issue reserved

coupled with judicial musing as to how the issue *might* be resolved. On examination, we believe the footnote's suggestion should not be followed.

While there is a certain logical appeal to *Garvey*'s distinction between types of negligence and excluding coverage for negligence in preventing an excluded risk, the appeal is superficial. As the *Garvey* court itself pointed out: "In the property insurance context, the insurer and the insured can tailor the policy according to the selection of insured and excluded risks and, in the process, determine the corresponding premium to meet the economic needs of the insured." (*Garvey* v. *State Farm Fire & Casualty Co.*, *supra*, 48 Cal.3d 395, 408.) It follows that the parties' coverage bargain involves the real world risks encountered and the costs of insuring against them not simply deductions from linguistic catagories. A decision by the insured and insurer that one risk should be excluded unless an additional premium is paid does not necessarily mean the parties intended to exclude another risk without payment of an additional premium. The economic analysis of the risks may differ significantly.

Here, for example, earth movement and contractor negligence present different risks; one results from an act of nature, the other from the acts of individuals. The risks differ in their predictability and in the extent and occurrence of damage both to individuals and geographic areas. The fact that USAA may have determined at the time of the HO-3 policy that insuring against earth movement without an additional premium was not economically feasible does not necessarily mean USAA also determined that insuring against the risk a contractor would improperly prepare the soils and foundation was not insurable without an additional premium. The risk a contractor will fail to adequately prepare the soils and foundations involves a wholly different set of factors than those involved in determining whether to insure against a naturally occurring, difficult to predict earth movement. Determining the risk of contractor negligence involves examining factors such as the licensing and regulation of contractors, regulations concerning the particular construction project, enforcement of the regulations through governmental inspection and other means, the scale of construction projects and the complexity of the particular activity (e.g., whether grading is required in the area, and, if so, whether the grading done tends to be minimal or extensive). USAA.may have determined the losses due to contractor negligence represented a relatively small risk which could be insured under the standard policy without requiring an additional premium. We conclude the HO-3 policy did not exclude loss due to contractor negligence.

■ USAA additionally contends the evidence presented at trial did not, as a factual matter, support a conclusion third party negligence was the

efficient proximate cause of the loss. USAA contends undisputed evidence established earth movement was the cause of the loss.

■ When the factual findings are attacked for insufficiency of evidence, our duty begins and ends with the determination as to whether there is *any* substantial evidence to support the findings. (*Leff* v. *Gunter* (1983) 33 Cal.3d 508, 518 [189 Cal.Rptr. 377, 658 P.2d 740].) Under the substantial evidence rule, we accept as true all the evidence most favorable to the respondent and discard the unfavorable evidence as not having sufficient verity to be accepted by the trier of fact. (*Estate of Teel* (1944) 25 Cal.2d 520, 527 [154 P.2d 384].) "The appellate court has no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of witnesses or to resolve conflicts in the evidence or the reasonable inferences which may be drawn from that evidence. [Citations.]" (*Hinson* v. *Clairemont Community Hospital* (1990) 218 Cal.App.3d 1110, 1125 [267 Cal.Rptr. 503].)

■ Here, the Davises' expert testified the damages to the house were set in motion by improper preparation of the subgrade soil. The expert stated that in constructing a home earth movement is to be expected. He explained: "typically the design of the foundation system—and in this case the system would consist of the soil which supports the slab on grade and footings which are the concrete part of the foundation system, we design that system to act as a unit. And we would expect some movement. The object of our design recommendations is to keep that movement to a minimum so as to prevent damage to the structure." On cross-examination he testified neither the failure to reinforce the slab nor the improper grading would have caused the damage if there had been no earth movement.

USAA's expert testified "the immediate cause of the . . . distress to the Davis residence" was "earth movement" because "among the stipulated causes [it was] the only thing listed that can result in and of itself in damage." On cross-examination, USAA's expert testified he did not know what "triggered . . . the damage process" but disagreed with the Davises' expert's opinion soil preparation was the cause that set the others in motion because the soil preparation "in itself is a condition. It's not a triggering mechanication [*sic*] as you could have poor already compacted soil—we see it [every] day—and not have damages or earth movement."

Under the theory of the Davises' expert, the cause of the loss was the failure to adequately prepare the soil and foundation: but for the negligence in preparing the soils and foundation, the earth movement would not have caused a loss. Under the theory of USAA's expert, but for the earth movement, there would not have been a loss. In other words, there was a conflict

in the evidence, and the trial court was entitled to resolve this conflict by concluding the efficient proximate cause of the Davises' loss was the contractor's negligence in failing to adequately prepare the soil and foundation.

## II

*Adequacy of the Notice of Exclusion*

■ The parties agree the Davises' loss was not covered by the HO-82 or HO-84 policies because these policies specifically exclude coverage for both earth movement and contractor negligence. They disagree as to whether USAA adequately informed the Davises of the exclusion.

■ "It is a long-standing general principle applicable to insurance policies that an insurance company is bound by a greater coverage in an earlier policy when a renewal policy is issued but the insured is not notified of the specific reduction in coverage. [Citations.]" (*Fields* v. *Blue Shield of California* (1985) 163 Cal.App.3d 570, 579 [209 Cal.Rptr. 781].) "[E]xceptions and limitations on coverage the insured could reasonably expect must be called to the subscriber's attention clearly and plainly before the exclusion will be interpreted to relieve the insurer of the liability for performance." (*Ibid.*)

USAA first argues that it was not required to provide any notice of an exclusion for contractor negligence because that risk was never covered. As we discussed in part I, *ante*, such coverage did exist in the original HO-3 policy.

■ USAA does not seriously argue it provided specific, clear notice of the exclusions for losses caused by contractor negligence with the HO-82 policy. It appears to suggest *any* notice that the policy contains changes is sufficient to meet the duty. The law, however, requires notice of the *specific* reduction in coverage; a general admonition to read the policy for changes is insufficient. Here, there was no specific notice accompanying the HO-82 policy which alerted the Davises to the new exclusions. Indeed, the notices were misleading on this matter. For example, the chart comparing coverages under the new and old policies, a place where one would reasonably expect USAA to mention the new exclusions, contained no mention of the exclusion, thus tending to lead a reasonable person to expect the coverage under the new policy was the same in this area as in the previous policy. The notices accompanying the HO-82 policy were not sufficient to discharge USAA's duty to apprise the Davises of new exclusions.

USAA argues the "Important Notice" accompanying the HO-84 policy provided plain, clear and conspicuous notice of its intent not to insure for

contractor negligence. The trial court found the notice ambiguous. We agree. In the notice, USAA, while stating it was adding "three new exclusions," put this information in the section labeled "Clarification of Coverage." By including these exclusions in the "Clarification" section rather than in the "Reduction" section, USAA failed to put the notice of the new exclusions in the expected place. As stated, the notice was ambiguous since it stated both that the provisions were merely clarifications and were "new exclusions." Further, even in the clarification section, USAA failed to clearly apprise the Davises that it was excluding losses caused by contractor negligence. USAA did not mention the new exclusions covered losses due to faulty, inadequate or defective workmanship, repair, construction, renovation, remodeling, grading or compaction; USAA only referred to planning, development, design, specifications, materials or maintenance. Under these circumstances, we conclude the trial court did not err in finding USAA failed to provide clear, conspicuous notice of the new exclusions. Since USAA failed to provide adequate notice, the exclusions were ineffective and the HO-3 policy applied to cover the loss.

DISPOSITION

The judgment is affirmed.

Huffman, J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 1990.