89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard D. SANDBERG; Alberta M. Sandberg, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a corporation; and
Does 1 to 50, inclusive, Defendants-Appellees.
 No. 94-56505.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided June 10, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard and Alberta Sandberg ("Sandbergs") appeal from the district court's dismissal of their complaint against State Farm Fire and Casualty Company ("State Farm") arguing that the district court erred by holding that their claims were barred by the statute of limitations. We affirm.
 
 
 4
 The Sandbergs filed a complaint against State Farm in 1994, alleging, inter alia, breach of contract, breach of the covenant of good faith, and fraud arising out of State Farm's denial of their insurance claim in 1987. Under California law, a one-year limitations period applies to claims made under a standard homeowner's insurance policy. Prudential-LMI Commercial Ins. v. Superior Court, 798 P.2d 1230, 1233 (Cal.1990). The Sandbergs contend that State Farm should be equitably estopped from asserting the statute of limitations because State Farm concealed an operative fact necessary for their claim. See Neff v. New York Life Ins. Co., 180 P.2d 900, 903 (Cal.1947). We find no merit in this argument.
 
 
 5
 California law provides that an insurer's failure to give adequate notice of a reduction in policy benefits entitles the insured to a continuation of the original coverage until proper notice is given. See Davis v. United Servs. Ass'n, 273 Cal.Rptr. 224, 230 (Cal.App.1990). We assume, without deciding, that the Sandbergs would be entitled to coverage according to the terms their original policies for losses caused by third-party negligence occurring from 1983, when the policy was changed, until proper notice of the reduction in benefits was given in 1993.
 
 
 6
 This, however, does not excuse the Sandberg's failure to bring their action against State Farm within one year of rejection of their claim in 1987. The Sandbergs were covered continuously by State Farm homeowners' policies since 1977. The pre-1983 policies contained the coverage provisions which they claim are applicable to their 1987 loss. Thus, State Farm did not conceal the original policy provisions which the Sandbergs claim are applicable to their 1987 loss. The Sandbergs were fully aware of State Farm's denial of their claim in 1987. The Sandbergs have failed to demonstrate any act of State Farm which would justify equitable tolling of the statute of limitations. See Love v. Fire Ins. Exchange, 271 Cal.Rptr. 246, 249 (Cal.App.1990). We find no error in the district court's dismissal of the complaint.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3