**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIVKA OFIR, Ph. D., <br><br>          Plaintiff-Appellant, <br><br>    v. <br><br> TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, <br><br>          Defendant-Appellee. | No.    18-55393 <br><br> D.C. No. <br> 3:17-cv-01544-MMA-JMA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted October 17, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and VITALIANO,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Rivka Ofir appeals from the district court's judgment dismissing her amended complaint with prejudice for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009), we affirm.

1. The district court properly dismissed Ofir's claim for breach of contract. Although "an insurance company is bound by a greater coverage in an earlier policy when a renewal policy is issued but the insured is not notified of the specific reduction in coverage," *Davis v. United Servs. Auto. Ass'n*, 273 Cal. Rptr. 224, 230 (Ct. App. 1990), here there was no reduction in coverage. Transamerica's representation of "similar" coverage was thus irrelevant. The aviation exclusion provision was "conspicuous, plain and clear" and therefore enforceable. *Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 385 (Cal. 2004) (quoting *Steven v. Fid. & Cas. Co. of N.Y.*, 377 P.2d 284, 294 (Cal. 1962)). Assuming Ofir adequately pled procedural unconscionability, she alleged nothing about the aviation exclusion that was "so harsh or oppressive that it should not be enforced," as is required to avoid its enforcement. *Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 128 Cal. Rptr. 3d 330, 340 (Ct. App. 2011).

2. Because Ofir failed to allege a claim for breach of contract, her claim for bad faith insurance denial necessarily fails as well. *See Behnke v. State Farm Gen. Ins. Co.*, 127 Cal. Rptr. 3d 372, 393 (Ct. App. 2011).

3. The district court properly dismissed Ofir's claim for breach of fiduciary duty. Transamerica, as Affinion's and ultimately Hartford's agent, was not Ofir's fiduciary and owed her no duty beyond the contractual duty of good faith. *See Vill. Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 237 P.3d 598, 607–08 (Cal. 2010). To the extent Ofir argues that Transamerica had a fiduciary duty because it was also serving as her credit union's agent, a credit union is the *insurer's* agent in facilitating an insurance transaction. *See McCormick v. Sentinel Life Ins. Co.*, 200 Cal. Rptr. 732, 737 (Ct. App. 1984); *cf. Bass v. John Hancock Mut. Life Ins. Co.*, 518 P.2d 1147, 1150 (Cal. 1974) (holding that "the employer is the agent of the insurer in performing the duties of administering group insurance policies" rather than vice versa).

4. The district court also properly dismissed Ofir's fraud claim. Transamerica's promise of "similar" coverage was not materially false, and Ofir's reliance on that statement was unreasonable. *See Hadland v. NN Inv'rs Life Ins. Co.*, 30 Cal. Rptr. 2d 88, 89, 93 (Ct. App. 1994) (holding that insureds who failed to read an insurance certificate could not have justifiably relied on the insurance agent's representation that "coverage under the [prospective] policy was 'as good if not better' than coverage under [their existing] policy").

5. The district court did not abuse its discretion by denying leave to amend. Amendment to add further factual allegations would have been futile given the

3

legal deficiencies in Ofir's theories of relief.  *See Hoang v. Bank of Am., N.A.*, 910

F.3d 1096, 1103 (9th Cir. 2018).

      **AFFIRMED.**