J. M. FORBES T/A FORBES' FLORIST-ALUMINUM PRODUCTS-REALTOR v. SAM PILLMON T/A CHOWAN BEACH

No. 736DC61

(Filed 13 June 1973)

1. Pleadings § 33— action on contract — amendment to allege quantum meruit

Where plaintiff's original cause of action was gounded in contract, the trial court did not err in permitting plaintiff to amend his complaint to seek recovery on *quantum meruit.* G.S. 1A-1, Rule 15.

2. Quasi Contracts § 2— labor and material — judgment unsupported by findings

Judgment awarding plaintiff an amount allegedly remaining due for labor and materials furnished defendant was not supported by the court's findings where there was no finding that plaintiff ever furnished labor and materials to defendant in any amount, that defendant

had accepted labor and materials in any amount, or that defendant had paid plaintiff any amount to be credited to the total value of labor and materials furnished by plaintiff and accepted by defendant.

APPEAL by defendant from *Gay, Judge,* 24 August 1972 Session, District Court, HERTFORD County.

This action was brought to recover $4,729.50 allegedly due for the furnishing of materials and labor under a written contract. Plaintiff moved to amend and, over defendant's objection, was allowed to amend his complaint to allege that defendant entered into a written contract with plaintiff whereby plaintiff was to furnish labor and materials and an itemized account; that defendant failed and refused "to pay for said labor and materials as set out in the written contract"; that notice of lien had been filed and was filed within six months from the last day on which the labor and materials were furnished; that defendant owes plaintiff $4,984.83 for labor and materials furnished. An itemized account was attached to the complaint as Exhibit A. Defendant denied all material allegations and by way of further defense averred that the agreement signed did not set forth the specifications in detail and plaintiff had not complied with the agreement; that defendant had paid plaintiff $7,000 which was more than the value of labor done and materials furnished.

Counsel for both parties waived trial by jury and agreed that the matter would be heard by the court who would find facts, make conclusions of law, and render judgment thereon. After hearing the evidence, the court did find facts and entered judgment in favor of plaintiff in the amount of $4,984.83, the exact amount prayed for in plaintiff's amended complaint. Defendant appealed.

*No counsel for plaintiff.*

*Cherry, Cherry and Flythe, by Ernest L. Evans, for defendant appellant.*

MORRIS, Judge.

[1] Defendant urges as error the court's allowing plaintiff to amend his complaint. He concedes that G.S. 1A-1, Rule 15, provides for broad discretion on the part of the court in allowing motions to amend complaint after answer is filed. His basis for argument is that, even so, the court cannot allow plaintiff to

amend his complaint to set up a wholly different cause of action. The original cause of action was grounded on contract. The amendment sought recovery on *quantum meruit*. There is a difference in the measure of damages in a claim on an express contract and a claim on *quantum meruit*. Nevertheless, this Court has said that "[i]t is permissible under our practice, in an action to recover for personal services, for the one rendering the services to abandon his allegations of special contract and proceed on the principle of *quantum meruit*." *Stout v. Smith*, 4 N.C. App. 81, 84, 165 S.E. 2d 789 (1969). This assignment of error is overruled.

[2] Finally defendant urges that the facts found by the court do not support the judgment. We agree. The judgment recited the following: That plaintiff and defendant entered into a written contract wherein plaintiff was to furnish labor and material and construct a building on defendant's property for the sum of $11,729.50; that "plaintiff did extra work outside of said contract which (sic) an itemized account and contract both were introduced into evidence by the plaintiff"; that defendant paid $7,000 on the contract and "extra work"; that an itemized account of the work under the contract and "extra work" was furnished defendant and there is now a balance due of $4,984.83; "from plaintiff's testimony" defendant would not allow him to complete the contract and that plaintiff filed a laborer's and materialman's lien in the amount of $4,729.50, the amount owed under the contract and not the extra work done; that "defendant testified in his own behalf and stated that he signed the contract with the plaintiff. That the plaintiff had failed to complete the contract and the material and workmanship were inferior quality"; that "it further appearing to the Court that from defendant's testimony that he never authorized the plaintiff to do extra work beyond the contract."

The court then found "the facts as follows:

1. That plaintiff and defendant entered into a written contract with an itemized account of all work and material furnished.

2. That the defendant kept plaintiff from finishing the written contract and has not paid for the extra work.

3. That the defendant paid the sum of $7,000.00 on said contract."

The court then ordered (A) That plaintiff have and recover of defendant the sum of $4,984.83 with interest from 13 August 1971, and (B) That the judgment be a lien against defendant's property in the amount of $4,729.50, the lien dating from 13 August 1971, and (C) "For the costs of this action."

Clearly there is no finding of fact that plaintiff ever furnished labor and materials to defendant in any amount, or that defendant accepted labor and materials in any amount, or that defendant had paid plaintiff any amount to be credited to the value of the labor and materials furnished by plaintiff and accepted by defendant. Although the award is in the exact amount prayed for by plaintiff in his action on *quantum meruit*, the facts found do not support the judgment. Defendant is, therefore, entitled to a new trial.

The record states that at the close of plaintiff's evidence defendant moved for "a directed verdict" and renewed the motion for "a directed verdict" at the close of all the evidence. We assume that defendant intended to move under G.S. 1A-1, Rule 41, for involuntary dismissal, since this was a case tried by the court without a jury. Treating the motions as properly made under G.S. 1A-1, Rule 41, we think it obvious that the disposition of the case presupposes that in our opinion the motions were correctly overruled.

New trial.

Judges BRITT and PARKER concur.