WESLEY C. BAREFOOT AND WIFE, SHIRLEY A. BAREFOOT v. EDITH C. LUMPKIN AND CHARLES L. FULTON, SUBSTITUTE TRUSTEE

No. 7510SC720

(Filed 17 March 1976)

1. **Mortgages and Deeds of Trust § 9— release of part of land — action for specific performance — summary judgment for defendant**

    In an action for specific performance of release provisions of a purchase money deed of trust instituted after plaintiffs paid the first installment on the underlying note and then defaulted, summary judgment was properly entered for defendants on the ground that plaintiffs had failed to comply with a requirement of the deed of trust that a plan of development be approved before defendants were required to release any of the land; furthermore, summary judgment should also have been granted for defendants for the reason that plaintiffs did not request the release of any land until after they had defaulted on the note and the entire sum had become due.

2. **Mortgages and Deeds of Trust § 39— wrongful restraint of foreclosure — damages**

    Damages awarded for wrongful restraint of a foreclosure sale should have been the cost of readvertising the sale, not the cost of the original advertisement of the sale.

APPEAL by plaintiffs from *Alvis, Judge.* Judgment entered 1 May 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1976.

Barefoot v. Lumpkin

This is an action for specific performance of release provisions contained in a purchase money deed of trust.

The deed of trust was executed on 27 September 1972 and was given to secure payment of a note executed by plaintiffs to defendant Lumpkin in the amount of $153,564.11. The note was to be paid in seven equal installments of principal, plus accrued interest, beginning 27 September 1973.

Plaintiff paid the first installment, defaulted and has paid nothing since.

Foreclosure was started and the sale was set for 10 December 1974. Plaintiffs filed a complaint and sought to enjoin the sale and a temporary restraining order was entered on 9 December 1974. On 9 January 1975 Judge McKinnon entered an order terminating the restraining order and denied plaintiffs' motion for a preliminary injunction. The foreclosure sale was readvertised. The sale was conducted on 10 February 1975 and defendant Lumpkin placed the highest bid of $146,500.00. On 21 February 1975 the trustee executed a deed to defendant Lumpkin.

In their complaint, plaintiffs alleged that they were entitled to have 7.59 acres released from the deed of trust by virtue of their payment of the first installment of $21,937.73 in September, 1973. Defendant had previously released 9.72 acres. The deed of trust was attached as an exhibit to the complaint. Plaintiffs rely on the following from the deed of trust to support their claim.

"It is agreed that ten acres plus the right of way of a dedicated 60-foot street shall be released from the foregoing property without payment, as shown by a development plan mutually agreeable to the Grantors and Beneficiary herein.

Upon approval of a mutually agreeable development plan, land shall be released from the lien of this deed of trust upon payment of $3,000.00 per acre. The Beneficiary [sic] shall be entitled to release of land at the rate of $3,000.00 per acre for all annual payments on the principal of the note secured by this deed of trust."

Plaintiffs allege that in October, 1974, they requested defendants to release the acreage and defendants refused.

Defendants answered and pleaded, among other things, that the deed of trust required, as a condition precedent to the release of any property, that there first be a mutually agreeable plan of development of the property and that no such plan had been developed, submitted or approved. Defendant also pleaded that the request for release of the acreage came after plaintiffs were in default. Defendants counterclaimed for damages resulting from plaintiffs' wrongful restraint of the foreclosure sale. Plaintiffs did not reply to the defense and counterclaim.

On 24 March 1975 defendant Lumpkin moved for summary judgment against plaintiffs on plaintiffs' claim and defendants' counterclaim. The motion was supported by affidavits from defendants. Plaintiffs filed nothing in response. The motion was allowed and judgment was entered dismissing plaintiffs' action and awarding defendants damage in the amount of $190.40 (the cost of advertising the first proposed sale.)

Plaintiffs appealed.

*Reynolds and Russell, by Dennis P. Myers, for plaintiff appellants.*

*M. Marshall Happer III, for defendant appellee, Edith C. Lumpkin.*

VAUGHN, Judge.

Although plaintiffs alleged that they caused a plan to be prepared, that defendant Lumpkin had seen the plan and was aware that plaintiffs intended to develop the property according to that plan, plaintiffs did not plead the existence of a mutually agreeable plan of development. Defendants, in their answer, expressly denied the existence of such a plan. Defendant Lumpkin, in her affidavit filed in support of the motion for summary judgment, reaffirmed that no such plan had been submitted to or approved by her. Plaintiffs did not respond by affidavit or otherwise. Plaintiffs' argument, on appeal, that an issue of fact exists as to whether defendant Lumpkin approved the plan is without merit.

On appeal, appellants contend that questions exist about whether defendants waived their right to insist on a plan of development and are now estopped to assert said plan as a condition precedent. Plaintiffs contend that these questions are raised because defendants executed a deed of release for 4.72

acres on 9 January 1973, and another deed of release for a five-acre tract on 18 July 1974. Both deeds also released an easement for ingress and egress over an adjoining strip of land. The descriptions in the deeds were by metes and bounds and contained no reference to a lot number or other plan of development. In plaintiffs' complaint there is neither an allegation that there was consideration for the purported waiver nor an allegation that plaintiffs relied on the two releases as a waiver of the express condition of the deed of trust. They came forward with nothing at the hearing on the motion for summary judgment to support that argument. Plaintiffs, therefore, raised no material issue of fact as to waiver or estoppel.

[1] The trial judge appears to have granted defendants' motion for summary judgment for the reason that plaintiffs had failed to comply with the requirement that a plan of development be approved before defendants were required to release any of the land. We hold that this was a valid reason to grant the motion to dismiss the action.

There is another reason why summary judgment should have been granted against plaintiffs. The deed of trust provided that upon any default in payment, the entire sum became, at the option of the beneficiary, immediately due and collectible, "anything herein or in said note to the contrary notwithstanding." It then became the duty of the trustee to expose the land for sale at public auction. Plaintiffs did not request release of the land in question from the operation of the deed of trust until after they had defaulted in their obligation to pay the debt that was secured by the deed of trust.

Consideration of the express terms of the purchase money deed of trust in question and the failure of plaintiffs to meet their obligation to defendant leads us to the conclusion that these plaintiffs cannot fail or refuse to pay their debt, force the beneficiary to resort to the security as her only remedy for collection of the debt due her and, therefore, ask the Court to compel the beneficiary to divest herself of part of the security and convey it to the defaulting plaintiffs.

[2] The only damages awarded defendant Lumpkin on the counterclaim was the cost of advertising the first sale in the newspaper, $190.40. She did not appeal. It was the cost of advertising the second sale, $183.60, for which plaintiffs should have been held liable. The sum is disclosed by unrefuted affi-

davits filed in support of defendants' motion for summary judgment. We hereby modify the judgment so that defendants recover $183.60 instead of $190.40.

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges MARTIN and CLARK concur.