WILLOW MOUNTAIN CORPORATION, A NORTH CAROLINA CORPORATION v. ROBERT L. PARKER

No. 7729SC654

(Filed 29 August 1978)

1. **Rules of Civil Procedure § 15.1— amendment of complaint—no abuse of discretion**

    There was no showing of abuse of discretion by the trial court in permitting plaintiff to amend its complaint.

2. **Mortgages and Deeds of Trust § 40.1— action to set aside foreclosure sale—findings supported by evidence**

    In an action to set aside a foreclosure sale, evidence was sufficient to support the trial court's finding that defendant interfered with plaintiff's efforts to survey the property in question.

3. **Mortgages and Deeds of Trust § 9— purchase money deed of trust—foreclosure—release of 42 acre tract**

    In an action to set aside a foreclosure sale and to recover a 42 acre tract which the contract to purchase provided could be selected by purchaser and released from a purchase money deed of trust without any payment being made on the balance of the purchase price, defendant was not entitled to judgment as a matter of law since the provision of the note and deed of trust which provided for release of the 42 acres was intended by the parties to be set apart and treated differently from other releases; the general terms of the provision relating to releases gave way to the specific terms of the provision relating to release of the 42 acres; and even if the formal request for the release of the 42 acres was not received by the trustee until after foreclosure and after the trustee's deed had been delivered, plaintiff was nevertheless entitled to the release since there was evidence that defendant had been informed of plaintiff's intention to obtain release of the parcel and that a survey was in progress several months previously and since the 42 acre tract was not in fact subject to the deed of trust.

APPEAL by defendant from *Grist, Hasty, and Baley, Judges.* Orders entered 8 September 1975, 24 May 1976, and judgment

entered 14 March 1977 in Superior Court, HENDERSON County. Heard in the Court of Appeals 4 May 1978.

In 1973, defendant conveyed a certain 460-acre tract of land to Karl Kandell, subject to a purchase money deed of trust. The contract to purchase contained a clause stating that a tract of not more than 42 acres, to be selected by the purchaser, would be released from the deed of trust without any payment being made on the balance of the purchase price. The note and deed of trust were expressly executed subject to this provision. Plaintiff made a down payment of $93,400 on the purchase price of $467,000 and then sought to have the tract surveyed. However, due to various delays and problems in getting a proper survey of the entire tract, the survey of the 42 acres was not completed until after a foreclosure sale.

Plaintiff corporation, which had assumed the obligation, was in default, and foreclosure proceedings were begun on 14 March 1975. At the foreclosure hearing, the clerk permitted the trustee to proceed with the sale. At the sale, defendant was the highest bidder, and on 19 May 1975, the trustee executed and delivered a deed to defendant.

On 23 June 1975, plaintiff filed this complaint to set aside the sale and recover the 42-acre tract. After various amendments and motions, the matter was tried before Judge Baley, who held that defendant had no right, title or interest in the 42-acre tract and that the deed of trust was not a lien on the 42 acres. Defendant appeals.

*Redden, Redden & Redden, by Monroe M. Redden and Monroe M. Redden, Jr., for plaintiff appellee.*

*Prince, Youngblood, Massagee & Creekman, by James E. Creekman, and Whitmire & Whitmire, by Robert L. Whitmire, Jr., for defendant appellant.*

ERWIN, Judge.

[1] Defendant presents three questions on this appeal. He first contends that Judges Grist and Hasty erred in permitting plaintiff to amend its complaint. G.S. 1A-1, Rule 15(a), gives trial courts extensive discretion in determining whether or not leave to

amend will be granted after the time for amending as a matter of course has expired. Indeed, "leave shall be freely given when justice so requires." G.S. 1A-1, Rule 15(a). The discretion of the trial court in allowing amendments is not reviewable absent a showing of abuse thereof. *Forbes v. Pillmon*, 18 N.C. App. 439, 197 S.E. 2d 226 (1973); *Galligan v. Smith*, 14 N.C. App. 220, 188 S.E. 2d 31 (1972), *cert. denied*, 281 N.C. 514, 189 S.E. 2d 36 (1972). We find no such abuse of discretion, and this assignment of error is overruled.

[2] Defendant next excepts to the trial court's finding of fact No. 12, which, in part, determines that defendant interfered with plaintiff's efforts to survey the property. The finding as a whole goes to explain why plaintiff was late in obtaining a proper survey to be used to identify the desired 42 acres, that defendant was aware of plaintifff's intent to seek release of a 42-acre parcel, and that plaintiff exercised due diligence. Suffice it to say that the finding objected to is amply supported by the evidence. When a jury trial is waived, the trial court's findings of fact have the same force and effect of a jury verdict and are conclusive on appeal if supported by evidence, even though there may be evidence to sustain contrary findings. *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971).

[3] Defendant finally contends that he was entitled to judgment as a matter of law. The note and deed of trust were expressly subject to the following pertinent provisions:

> "7. No releases will be permitted at any time when the debt represented by this note is in default.
>
>            \*     \*     \*
>
> 9. One tract of not more than forty-two (42) acres, to be selected by the undersigned Purchaser and surveyed at his expense, will be released from the lien of the deed of trust securing this note without any payment on the debt secured by said deed of trust, and the Trustee is expressly authorized to execute said release without joinder of the holder of this note."

We do not think that Paragraph 9 is subject to Paragraph 7. It is apparent that the parties intended to set apart and treat differently other releases from the release of the 42 acres. The release

of the 42 acres was to be made "without any payment on the debt." Paragraph 9 is the last of the "special terms and conditions," and Paragraph 8 allows the trustee to execute releases "on the terms and conditions *hereinabove set out.*" (Emphasis added.) The only conditions attached to the release of the 42 acres are the selection of such tract by the purchaser and the purchaser's bearing the cost of survey. No restriction is placed on the purchaser as to which tract of 42 acres is to be released, so long as the tract does not exceed 42 acres. Paragraph 9 is tantamount to the exception of a 42-acre tract from the operation of the deed of trust, with the purchaser having sole discretion to select it.

We do not perceive a conflict between the provisions of Paragraphs 7 and 9. Even assuming such conflict, however, the general terms of Paragraph 7 give way to the specific terms of Paragraph 9. *See Contracting Co. v. Ports Authority*, 284 N.C. 732, 202 S.E. 2d 473 (1974).

Defendant stresses that the formal request for the release of the 42 acres was apparently not received by the trustee until after foreclosure and after the trustee's deed had been delivered. However, there was evidence that defendant had been informed of plaintiff's intention to obtain release of the parcel and that a survey was in progress several months previously. In any event, we conclude that the trial court's conclusions of law were correct:

> "UPON THE FOREGOING FACTS, THE COURT CONCLUDES AS A MATTER OF LAW:
>
> That the deed dated October 25, 1973, to Karl A. Kandell from Robert L. Parker conveyed the entire boundary which included the forty-two acres involved in this action, and Kandell and his assignee, the plaintiff corporation, received title to the forty-two acres wherever it might be located by survey; that no additional payment was to be made by the purchaser with respect to the forty-two acre tract, and its location by survey at the sole discretion of the purchaser was the only remaining act required; that the deed of trust contained the same description as the deed, and the entire boundary was included in the deed of trust but subject to the location by survey of any forty-two acres to be selected by purchaser; that neither the seller nor the Trustee under the terms of the deed of trust secured any title or right to the

forty-two acres and could not convey any right by foreclosure; that plaintiff acted with reasonable diligence and within a reasonable time to secure a survey of the forty-two acre tract; that plaintiff demanded a release deed from the Trustee within a reasonable time and was entitled to such deed; that the foreclosure action was void and ineffectual with regard to the forty-two acres and did not convey title to the forty-two acres selected and surveyed by plaintiff; that plaintiff is the owner in fee simple and entitled to the possession of the forty-two acre tract . . ."

We feel that defendant's reliance on *Barefoot v. Lumpkin*, 28 N.C. App. 721, 222 S.E. 2d 919 (1976), and G.S. 45-21.29A for the proposition that the right to have property released from a deed of trust does not survive foreclosure pursuant to such deed of trust is misplaced. In reality, the 42-acre tract was not subject to the deed of trust, as Judge Baley concluded. Further, in *Barefoot, supra*, there was a condition to the release, namely, that the parties approve a mutually agreeable development plan. No such condition appears here.

We are cautious to add that our decision herein is specifically limited to the facts of this case and to the language of the pertinent documents. We note that plaintiff's assignor made a substantial down payment on the property, the trial court found plaintiff had used due diligence in obtaining a survey and seeking release, and that defendant/seller was high bidder at the foreclosure sale. These factors have been of importance in reaching our decision.

Accordingly, the judgment of the trial court is

Affirmed.

Judges BRITT and ARNOLD concur.