GLEN RAEFORD MABREY, JR., ADMINISTRATOR OF THE ESTATE OF GLEN RAEFORD
MABREY, SR., v. JAMES SMITH, M.D., MOHAMMAD AKTARUZZAMAN, M.D.
(ALSO KNOWN AS MOHAMMAD ZAMAN, M.D., TERRY REES, M.D., GORDON
LAVIN, M.D., HAROLD GLENN TART, R.N., JAMES MALLARD, R.N., PAT RAY,
LPN, JOHN JONES, DORIS MILLS, R.N., SABBATH LUYANDO, R.N., JOSEPH
CREECH, R.N., HAL B. FARTHING, III, R.N., AMY L. ORTIZ, R.N., MARIO A.
RODRIGUEZ, R.N., ROSA SETTLE, R.N., LIZZIE T. SIMPSON, LPN, AND MARK
LUCAS, LPN

No. COA00-470

(Filed 5 June 2001)

**1. Appeal and Error— appealability—denial of dispositive motions—governmental immunity**

The denial of dispositive motions that are grounded on governmental immunity affect a substantial right and are immediately appealable.

**2. Pleadings— amendment denied—undue delay**

The trial court did not err in a negligence action arising from the death of an inmate by denying defendants' motions to amend their pleadings to include an immunity defense more than one year after the complaint was filed and the court denied the motion because it would create undue delay.

**3. Pleadings; Immunity— negligence action—motion for judgment on the pleadings—public official immunity**

The trial court did not err in a negligence action arising from the death of an inmate by denying motions by defendants, healthcare providers at Central Prison, for judgment on the pleadings and to dismiss on the grounds of public official immunity where all of the essential elements of negligence were alleged; plaintiff intended to sue defendants in their individual capacities, as indicated by the complaint and the course of the proceedings; and defendants did not claim public official immunity because the court denied their motions to amend. Plaintiff, suing defendants in their individual capacities, alleged negligent conduct which defendants denied with factual issues still in dispute.

Appeal by defendants from judgment entered 15 October 1999 by Judge James Vosburg in Wake County Superior Court. Heard in the Court of Appeals 1 February 2001.

*Pipkin, Knott, Clark & Berger, by Bruce W. Berger and Joe Thomas Knott, III for plaintiff-appellee.*

*Young, Moore & Henderson, by Dana H. Davis for defendant-appellants Smith, Tart, Mallard, Mills, Luyando & Creech.*

*Patterson, Dithey, Clay & Bryson, by Charles A. Madison for defendant-appellant Lavin.*

*Yates, McLamb & Weyher, by Renee B. Crawford for defendant-appellant Settle.*

*Vanwinkle, Buck, Wall, Starnes & Davis, by Carleton Metcalf for defendant-appellant Ortiz.*

*James Peeler Smith and Christine Ryan for defendant-appellants Farthing and Rodriguez.*

*Northrup & McConnell, by Elizabeth McConnell and Anna Hamrick for defendant-appellants Aktaruzzaman and Rees.*

*Dennis P. Myers, Asst. Attorney General, for defendant-appellant Simpson.*

THOMAS, Judge.

Defendants appeal from an order denying their motions to amend, motions to dismiss on grounds of public official immunity and motions for judgment on the pleadings. Defendants set forth two assignments of error.

Plaintiff's father, Glen Raeford Mabrey, Sr., the decedent, was serving a prison term at Umstead Correctional Unit. On 21 February 1996, he was transferred to the Central Prison Mental Health Unit to receive treatment for acute psychosis. On 27 February 1996, he was diagnosed as suffering from severe dehydration and taken to the Central Prison Emergency Room. After being placed in a hospital room, his condition deteriorated and the next morning he was found unconscious. He was moved to Wake Medical Center, where he died on 29 February 1996.

Plaintiff, administrator of decedent's estate, brought a wrongful death action against seventeen doctors and nurses on 28 February 1998, alleging negligence in their medical treatment of his father. Notably, plaintiff did not name the State of North Carolina or any governmental entity as a defendant in the suit.

**MABREY v. SMITH**

[144 N.C. App. 119 (2001)]

Defendants timely filed answers but did not plead as a defense either sovereign immunity or public official immunity. More than one year later, however, defendants attempted to assert those defenses for the first time in motions to amend their answers, to dismiss, for judgment on the pleadings and for summary judgment. They were heard on 15 October 1999 with the trial court denying all of the motions. Defendants timely filed notices of appeal.

[1] Before we consider defendants' arguments, we note the trial court's order would not normally be immediately appealable because it would be considered interlocutory. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. 662, 663, 442 S.E.2d 339, 340 (1994). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999). This Court has held that denial of dispositive motions such as motions to dismiss, for judgment on the pleadings, and to amend pleadings that are grounded on governmental immunity affect a substantial right and are immediately appealable. *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *aff'd*, 344 N.C. 729, 477 S.E.2d 171 (1996). Thus, defendants' appeal is properly before this Court.

[2] By defendants' first assignment of error, they argue the trial court erred in denying their motions to amend. We disagree.

A motion to amend the pleadings is addressed to the sound discretion of the trial court. *Willow Mountain Corp. v. Parker*, 37 N.C. App. 718, 247 S.E.2d 11, *cert. denied*, 295 N.C. 738, 248 S.E.2d 867 (1978); *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E.2d 588, *cert. denied*, 281 N.C. 758, 191 S.E.2d 356 (1972). The trial court's ruling upon a motion to amend pleadings is not reviewable absent a showing of an abuse of discretion. *Smith v. McRary*, 306 N.C. 664, 295 S.E.2d 444 (1982). "A trial judge abuses his discretion when he refuses to allow an amendment unless justifying reasoning is shown." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E.2d 806 (1975), *review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976). Defendants in the instant case sought to amend their pleadings to include an immunity defense more than one year after the complaint was filed. The trial court denied the motions because it would cause "undue delay of prejudice" (sic) to plaintiff. This Court has held that undue delay and undue prejudice are valid reasons to deny a motion

to amend a pleading. *Patrick v. Ronald Williams, Prof. Assoc.*, 102 N.C. App. 355, 360, 402 S.E.2d 452, 455 (1991). Thus, justifiable reasons have been established for the trial court's ruling and defendants have failed to show an abuse of discretion. Accordingly, defendants are left with their original answers wherein they answered the allegations as individuals.

**[3]** By defendants' second assignment of error, they argue the trial court erred in failing to grant their motions to dismiss on grounds of public official immunity and motions for judgment on the pleadings. We disagree.

A motion to dismiss is proper when the complaint on its face reveals that no law supports the plaintiff's claim, that some fact essential to the plaintiff's claim is missing or when some fact disclosed in the complaint defeats the plaintiff's claim. *Schloss Outdoor Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 272 S.E.2d 920 (1980). A wrongful death negligence claim must be based on actionable negligence under the general rules of tort liability. *Mann v. Henderson*, 261 N.C. 338, 134 S.E.2d 626 (1964). In the case at bar, plaintiff's claims are grounded in negligence in that all elements of negligence are alleged. The elements of negligence are: 1) legal duty; 2) breach of that duty; 3) actual and proximate causation; and 4) injury. *Tise v. Yates Constitution. Co., Inc.*, 345 N.C. 456, 480 S.E.2d 677 (1997). Plaintiff claims defendants breached a legal duty of care in the treatment of his father, resulting in his father's death. Therefore, all of the essential elements of negligence are alleged. We turn now to defendants' contentions of public official immunity.

First, we note that defendants sought to claim public official immunity in their motions. A public official may only be held personally liable when his tortious conduct falls within one of the immunity exceptions: 1) the conduct is malicious; 2) the conduct is corrupt; or 3) the conduct is outside the scope of official authority. *Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 851-52, *review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996). A public employee, on the other hand, is not entitled to such protection. *Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997). A public official is one whose position is created by the N.C. Constitution or the N.C. General Statutes and exercises some portion of sovereign power and discretion, whereas public employees perform ministerial duties. *Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000).

Defendants assert that public official immunity shields them from personal liability for any negligence occurring while decedent was under their care. Plaintiff claims he is suing defendants in their individual capacities, not their official capacities and therefore immunity does not attach. The ultimate issue of whether defendants are public officials entitled to immunity is not properly before us, however, as defendants have not asserted immunity as an affirmative defense in their pleadings. Nonetheless, there is an issue as to whether defendants are being sued in their individual or official capacities.

The caption of plaintiff's complaint does not specify whether plaintiff is suing defendants in their individual or official capacities. This Court has held that

> [i]f money damages are sought, the court must ascertain whether the complaint indicates that the damages are sought from the government or from the pocket of the individual defendant. If the former, it is an official-capacity claim; if the latter, it is an individual-capacity claim; and if it is both, then the claims proceed in both capacities.

*Reid*, 137 N.C. App. at 171, 527 S.E.2d at 89 (quoting *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 887 (1997) (quoting Anita Brown-Graham and Jeffrey S. Koeze, *Immunity from Personal Liability under State Law for Public Officials and Employees: An Update.* 67 Loc. Gov't L. Bull., 7 (Inst. Of Gov't, Univ. of N.C. at Chapel Hill, Apr. 1995))). Here, there are several defendants, all of whom are health-care providers at either Central Prison Hospital or Central Prison Mental Health Unit. Both facilities are state-run entities. *Mullis v. Sechrest* stated that "it is appropriate for the court to either look to the allegations contained in the complaint to determine plaintiff's intentions *or* assume that the plaintiff meant to bring the action against the defendant in his or her official capacity." 347 N.C. 548, 552, 495 S.E.2d 721, 723 (1998) (quoting Brown-Graham & Koeze, *supra*) (emphasis added). The *Mullis* court went on to analyze the course of proceedings and the allegations in the complaint to determine the capacity in which the plaintiff was suing the defendant. *See also Johnson v. York*, 134 N.C. App. 332, 517 S.E.2d 670 (1999); *Warren v. Guilford County*, 129 N.C. App. 836, 839, 500 S.E.2d 470, 472, *review denied*, 349 N.C. 379, 516 S.E.2d 610 (1998) (both holding that official capacity will only be assumed where a statement of capacity is not included in the caption, allegations, or the prayer for relief).

In the instant complaint, plaintiff never names the state, a state entity, or the hospitals as a defendant or adverse party, nor does plaintiff mention reaching the pockets of the state. Plaintiff asks in his prayer for relief that the trial court find *defendants* jointly and severally liable for their negligence. We note that unlike the instant case, governmental entities were included as parties in *Mullis* and *Reid*. We further note this Court has held that a physician who provided medical care to prisoners was a state agent and the state was answerable for the inmate's negligence allegations because his only access to medical care was through the state. *Medley v. North Carolina Dept. of Correction*, 99 N.C. App. 296, 393 S.E.2d 288 (1990), *affirmed*, 330 N.C. 837, 412 S.E.2d 654 (1992). However, in that case as well, the defendant directly sued the state agency. In the instant case, plaintiff does not even bring suit via the Torts Claims Act, as is necessary to reach the pockets of the state. *See* N.C. Gen. Stat. § 143-291 (1999). We therefore find that given the complaint and the course of proceedings, plaintiff intended to sue defendants in their individual capacities.

As discussed in the first issue, defendants were not allowed by the trial court to amend their answers to claim immunity. Official immunity is an affirmative defense that must be alleged in order to receive its protection. *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 468 S.E.2d 846 ((1996). *See also* N.C. Gen. Stat. § 1A-1, Rule 8(c) (1999). "If the defendant cannot meet this burden of production, 'he is not entitled to protection on account of his office, but is liable for his acts like any private individual.'" *Id.* at 205, 468 S.E.2d at 852 (quoting *Gurganious v. Simpson*, 213 N.C. 613, 616, 197 S.E. 163, 164 (1938)). Because the trial court denied the motions to amend their answers, defendants still have not actually claimed public official immunity. Therefore, defendants, if found liable, will be personally liable.

Additionally, a motion for judgment on the pleadings is properly granted when all material questions of fact are resolved in the pleadings, and only issues of law remain. *Cash v. State Farm Mut. Auto Ins. Co.*, 137 N.C. App. 192, 528 S.E.2d 372, *affirmed*, 353 N.C. 257, 538 S.E.2d 569 (2000). This motion is disfavored by the courts and the pleadings will be liberally construed in the light most favorable to the nonmovant. *Pipkin v. Lassiter*, 37 N.C. App. 36, 245 S.E.2d 105 (1978). When all factual issues are not resolved by the pleadings, judgment on the pleadings is inappropriate. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974). In the case at bar, plaintiff, suing

defendants in their individual capacities, has alleged negligent conduct. Defendants, in their respective answers, have all denied negligence with factual issues still in dispute. The trial court's denial of defendants' motions for judgment on the pleadings was therefore appropriate.

Accordingly, we find the trial court did not err in failing to grant defendants' motions to dismiss on grounds of public official immunity and defendants' motions for judgment on the pleadings. For the reasons stated herein, we affirm the trial court.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.