MARY E. FULMORE, ADMINISTRATOR OF THE ESTATE OF
PRISCILLA ANN MAULTSBY, PLAINTIFF
v.
GREGORY HOWELL AND PFS DISTRIBUTION COMPANY, INC., DEFENDANTS

No. COA12-1384

Filed 7 May 2013

**Negligence—sudden emergency—vehicular accident**

The trial court did not err in a negligence case arising out of a vehicular accident by granting defendants' motion for summary judgment based upon the doctrine of sudden emergency. Plaintiff failed to demonstrate that defendant driver's alleged violation of various safety regulations proximately caused the accident; the exact details of the accident as argued by plaintiff were not genuine issues of material fact; and while defendant driver could have had other reactions to the sudden emergency which may have resulted in a different outcome, this did not create a genuine issue of material fact.

FULMORE v. HOWELL

[227 N.C. App. 31 (2013)]

Appeal by plaintiff from order entered on or about 11 June 2012 by Judge W. Allen Cobb, Jr. in Superior Court, Wayne County. Heard in the Court of Appeals 28 March 2013.

*Joretta Durant, P.C., by Joretta Durant, for plaintiff-appellant.*

*Wharton, Aldhizer & Weaver, PLC, by Charles F. Hilton, Esq., for defendants-appellees.*

STROUD, Judge.

Plaintiff appeals summary judgment order granting defendants' motion for summary judgment based upon the doctrine of sudden emergency. For the following reasons, we affirm.

## I. Background

Plaintiff, the administrator of the estate of Priscilla Maultsby, filed a complaint alleging defendants were liable for Ms. Maultsby's death. Plaintiff alleged that defendant Gregory "Howell was an agent or employee" of defendant PFS Distribution Company, Inc., ("PFS") when he was driving a tractor trailer truck "owned, rented or leased" by defendant PFS which collided with Ms. Maultsby's vehicle. As a result of the collision, Ms. Maultsby died.

Plaintiff made claims against both defendants for ordinary negligence and against defendant PFS for negligent entrustment, supervision and training. Defendants answered plaintiff's complaint and raised the defense of sudden emergency in that "the actions of Gregory Howell alleged in the Complaint were in response to a sudden emergency, not of his own making. Therefore, the Defendants are not liable for the damages alleged by the Plaintiff." In March of 2012, defendants filed for summary judgment.

Defendant Howell was driving the truck westbound on North Carolina Highway 55 when he saw another vehicle, driven by Ina Harper, approaching his truck in the wrong lane. In an attempt to avoid a head-on collision with Ms. Harper's vehicle, defendant Howell stated that he "jerked" the wheel of his truck and hit his brakes "hard[.]" Unfortunately, defendant Howell's truck and Ms. Harper's vehicle collided, and defendant Howell's truck ended up in the opposite lane where it collided with Ms. Maultsby's vehicle. Defendant Howell described the time between when he first saw Ms. Harper's vehicle traveling in the opposite direction in his lane until his collision with Ms. Maultsby as "instantaneous[.]"

On or about 11 June 2012, the trial court granted defendants' motion for summary judgment "based on the doctrine of sudden emergency[.]" Plaintiff appeals.

## II. Summary Judgment

Plaintiff contends that the trial court erred in granting summary judgment on the basis of sudden emergency in favor of defendants for three reasons.

> On appeal from summary judgment, the applicable standard of review is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. We review the record in a light most favorable to the party against whom the order has been entered to determine whether there exists a genuine issue as to any material fact.

*Smith v. Harris*, 181 N.C. App. 585, 587, 640 S.E.2d 436, 438 (2007) (citations, quotation marks, and brackets omitted).

"The doctrine of sudden emergency creates a less stringent standard of care for one who, through no fault of his own, is suddenly and unexpectedly confronted with imminent danger to himself or others." *Marshall v. Williams*, 153 N.C. App. 128, 131, 574 S.E.2d 1, 3 (2002) (citation and quotation marks omitted).

> The sudden emergency doctrine provides that one confronted with an emergency is not liable for an injury resulting from his acting as a reasonable man might act in such an emergency. Two elements must be satisfied before the sudden emergency doctrine applies: (1) an emergency situation must exist requiring immediate action to avoid injury, and (2) the emergency must not have been created by the negligence of the party seeking the protection of the doctrine.

*Sobczak v. Vorholt*, 181 N.C. App. 629, 638, 640 S.E.2d 805, 812 (2007) (citation and quotation marks omitted).

A.  Safety Regulations

Citing the Federal Motor Carrier Safety Regulations, the Code of Federal Regulations, defendant PFS's "company policy[,]" and the North Carolina Commercial Driver's Manual, plaintiff contends that there was a genuine issue of material fact that defendant Howell violated various regulations by driving beyond the hours set by them and thus was negligent. Plaintiff hints at the fact that violation of the various cited regulations would result in negligence *per se,* arguing that driving more hours than is allowed pursuant to certain safety regulations shows defendant was fatigued and thus his "judgment was impaired[.]" However, even assuming all the cited regulations by plaintiff are applicable to defendant Howell, plaintiff has not forecast any evidence establishing that defendant was in fact fatigued. Taking it a step further, even assuming *arguendo* that violation of any of the cited regulations is *per se* negligence and even evidence of fatigue, plaintiff is still missing the element of causation as plaintiff has failed to demonstrate that defendant Howell's "fatigue" in any way caused the accident. *See Mabrey v. Smith,* 144 N.C. App. 119, 122, 548 S.E.2d 183, 186 ("The elements of negligence are: 1) legal duty; 2) breach of that duty; 3) actual and proximate causation; and 4) injury."), *disc. review denied,* 354 N.C. 219, 554 S.E.2d 340 (2001); *see also Lord v. Beerman,* 191 N.C. App. 290, 294, 664 S.E.2d 331, 334 (2008) ("Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred." (citation, quotation marks, and brackets omitted)); *see generally State v. Lane,* 115 N.C. App. 25, 28, 444 S.E.2d 233, 235 ("The State must prove that defendant's action was both the cause-in-fact (actual cause) and the proximate cause (legal cause) of the victim's death to satisfy the causation element."), *disc. review denied,* 337 N.C. 804, 449 S.E.2d 753 (1994). Whether or not defendant Howell had been driving longer than he should have, plaintiff has not shown how this violation was a proximate cause of the accident in question, and this argument is overruled. *See Mabrey,* 144 N.C. App. at 122, 548 S.E.2d at 186.

B.  Defendant Howell's Description of the Accident

Plaintiff next contends that there was a genuine issue of material fact because defendant Howell gave four different accounts of the accident in his statement to State troopers at the scene of the accident, in his statement to State troopers at the hospital, at his deposition, and in his affidavit. We have reviewed defendant Howell's statements and plaintiff's contentions and see no material difference between defendant's accounts. The fact that defendant Howell did not use the exact same

words each time he described the details of the accident does not mean that "[d]efendant Howell gave four different versions of how the collision occurred." Even if there are minor differences in the accounts, all would still support a finding of sudden emergency as none of defendant Howell's accounts differ in the material facts: defendant Howell's truck had a collision with Ms. Harper's vehicle which was driving the wrong way in his lane which resulted in defendant Howell's truck colliding with Ms. Maultsby's vehicle. *See generally Sobczak*, 181 N.C. App. at 638, 640 S.E.2d at 812. The exact details of the accident as argued by plaintiff are not "genuine issue[s] of material fact." *Smith*, 181 N.C. App. at 587, 640 S.E.2d at 438. This argument is overruled.

C.   Sudden Emergency Doctrine

Lastly, plaintiff seems to argue that though the sudden emergency doctrine was applicable and appropriately applied in this case, there was evidence that defendant Howell could have reacted in another way and avoided the collision. Plaintiff argues, *inter alia*, that there is evidence that defendant Howell should have veered right instead of left and that he should have stopped more quickly. This may be true, but it is exactly the sort of hindsight which the doctrine of sudden emergency precludes. *See Forgy v. Schwartz*, 262 N.C. 185, 190, 136 S.E.2d 668, 672 (1964). Plaintiff's arguments are based upon expert analysis after the fact; defendant Howell had to react "instantaneously." *See id.* "In the face of an emergency, a person is not held to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence would have made in similar circumstances." *Tharpe v. Brewer*, 7 N.C. App. 432, 438, 172 S.E.2d 919, 924 (1970). Furthermore,

> [t]he cases reveal that motorists who have been confronted by an automobile approaching in the wrong lane have, on occasions, (1) continued straight ahead, (2) turned to the right, (3) turned to the left, and (4) stopped. . . . In applying the doctrine of sudden emergency, the courts have not been inclined to weigh in "golden scales" the conduct of the motorist who has acted under the excited impulse of sudden panic induced by the negligence of the other motorist.

*Forgy*, 262 N.C. at 199, 190, 136 S.E.2d at 672 (citation omitted). Accordingly, while defendant Howell could have had other reactions to the sudden emergency which may have resulted in a different outcome, this does not create a "genuine issue of material fact[.]" *Smith*, 181 N.C. App. at 587, 640 S.E.2d at 438. This argument is overruled.

## III. Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges ELMORE and STEELMAN concur.